San Antonio & Aransas Pass Railway Company v. Arnt
Peterson.

Decided February 1, 1899.

**1.  Contributory Negligence.**

Plaintiff's liability to mistake of judgment and mistake due to the terrors of the
situation, where he was placed in a dangerous situation through the defendant's
fault, is a matter involved in the issue of contributory negligence.

**2.  Negligence—Apparent Danger.**

That the employes of a railroad company in taking out or pushing cars in on a
side track near a public crossing did not intend to move the cars across the street,
does not necessarily relieve the company from the charge of negligence with ref-
erence to one crossing the track whose horses were frightened by the cars.

**3.  Same.**

That cars were used in the usual manner does not necessarily relieve a railroad
company from a charge of negligence in connection with their movement at and
near a street crossing.

Appeal from Harris. Tried below before Hon. William H. Wilson.

*A. T. Holt,* for appellant.

*A. C. Allen, Edgar Watkins,* and *Frank C. Jones,* for appellee.

JAMES, Chief Justice.—Action for damages for personal injuries.
There was testimony of the following facts: That plaintiff, Peterson,
was at a point on a street or avenue in the city of Houston where it
was crossed by a track of defendant, and when about to cross the track
with his wagon, defendant's cars were backed toward the street, the end
car being close to the street when so put in motion, and continued to be
moved until such end car entered the street; that when the cars were
moved plaintiff's horses became frightened, and he drove across the track
rapidly because of the approaching car to avoid a collision, the result of
which was that the horses ran away, throwing plaintiff out and injuring
him.    There was evidence of negligence of defendant's employes in so
moving the cars with reference to persons using the street.

Defendant pleaded "that it was in the business of conducting a rail-
way, in which it was necessary to have, and it had, a depot, yards, and
tracks in the city of Houston, at or near the scene of the accident, and
that it used said yards and track for the purpose of operating its trains
in and about its freight depot, in handling cars, making up trains, and
switching cars, in the conduct of which work it was necessary to use a
locomotive engine to move said cars and trains; that on the date of the
accident, at the time plaintiff alleged he was injured, it was operating
the engine and cars in the usual and ordinary manner in the conduct of
the work; that at the time of the accident the engine and cars were not
near the crossing where plaintiff was hurt, and that it did not know he
was at or near said crossing; that it did not, at said time, move any cars

into or upon the crossing of the track and McKinney Avenue, nor blow any whistle, or make any noise unusual or in any manner calculated to frighten plaintiff's horses, nor place any object on or near said crossing which could have frightened them; that it did place a car on its side track near its platform, but that it at no time moved any cars or engine to, into, or across the McKinney Street crossing. Defendant further alleged that the accident was caused by plaintiff striking his horses and driving them rapidly upon the crossing, causing the horses to take fright at the noise of his wagon, and that when the horses became unmanageable plaintiff became excited and frightened, so that he could not control them, and that his position in the wagon was such that he fell out in his attempt to check them, by reason of which all of his injuries were caused and proximately produced; that plaintiff was guilty of contributory negligence, in that he knew that his horses would become frightened at the cars standing in the vicinity of the crossing, and failed to approach the same carefully and at an ordinary gait, but urged and forced his team across rapidly, which so frightened the same that they became unmanageable by plaintiff, who was himself frightened and excited at the time, and that he was thrown from the wagon by reason of his insecure position therein while attempting to regain control of the team."

The court gave the following charge: "In passing upon the question of contributory negligence, I charge you that, if you believe from a preponderance of the evidence that the defendant was guilty of negligence in the issue submitted to you, in the manner charged, and that as a proximate result of such negligence (if any) the plaintiff was placed in a dangerous situation, where he must adopt a perilous alternative; or where, in the terror of an emergency for which he was not responsible (if you so find), and for which defendant was responsible (if you so find), he acted wildly or negligently, and suffered in consequence, such negligent conduct, under such circumstances (if any), is not contributory negligence, for the reason that persons in great peril, when not caused by their acts, are not required to exercise all that presence of mind and carefulness which are justly required of a careful and prudent man under ordinary circumstances."

The only complaint made of this charge is that it submitted an issue not made by the pleadings or evidence. We are of opinion that its subject was involved in the issue of contributory negligence, and there was testimony to authorize giving it.

Complaint is also made of the following charge: "The jury are instructed that it was not the defendant's duty to blow the whistle or ring the bell when it was taking out or pushing cars in on the side track, when it did not intend to move said cars across any street or public highway; and if you believe from the evidence that the defendant intended to set in a car or take out a car, or pull out a lot of cars over the side track, that it was not necessary when the engine was backing in for that purpose, if you believe it did not intend to back the train across McKin-

ney Avenue, to ring the bell or blow the whistle, and if you so find you will find for the defendant."

It is not what defendant intended to do, but what it did, that determines its liability. Even if the cars had never in fact reached into the street, still the cars could have been put in motion so near the street, in a manner and under circumstances that would constitute negligence in reference to persons in the act of using the street, and render defendant responsible for the proximate results. The charge asked was altogether erroneous. It proceeds upon the theory and practically assumes that the cars did not reach the street, also that defendant's intention not to run the car into the street exonerated it, although it in fact may have run into the street, and also that if it was not by law required under the circumstances to ring the bell or blow the whistle, it was not responsible for any other form of negligence.

We think defendant was not entitled to have the charges given which are mentioned in the fourth, fifth, and eighth assignments. The special charge number 2 referred to in the fourth assignment would exonerate defendant if the cars were moved "in the usual and ordinary manner," without reference to whether or not such usual or ordinary manner was negligent. Besides, the charge appears to be based on the theory that the cars did not reach the avenue, and we find that the court charged the jury *in terms* to find for defendant if the car "did not go to the avenue, but was bumped or pushed rapidly and stopped without going into said street." This is practically reiterated in the court's charge, clause number 3.

The special charge number 3 referred to in the fifth assignment, we think, was not correct. It is so worded that a jury would be led thereby to believe that if the moving and coupling were done in the ordinary way, that this would be acting in a careful and cautious manner. The same applies to the special charge number 7 mentioned in the eighth assignment. These charges proceed upon what we believe an erroneous theory, viz.: That so long as the defendant operated its cars in its usual and ordinary manner at this place, that there was no negligence. The presence of this idea in these charges vitiated them all.

The ninth and twelfth assignments are not well taken, because there was evidence of defendant's negligence.

The eleventh assignment is that plaintiff's counsel was erroneously allowed to ask a witness for defendant how much he was paid for testifying in the case. The witness answered that he had been paid nothing, and we fail to see in this any reason to reverse the judgment.

The verdict was not excessive. Affirmed.

*Affirmed.*

Writ of error refused.