# THE NORTH CHICAGO STREET RAILROAD COMPANY

*v.*

## MARY SMADRAFF.

*Opinion filed February 20, 1901.*

1. STREET RAILWAYS—*fact that street car has, generally, a superior right of way does not lessen care required of gripman.* The fact that a street car company has generally a superior right of way along its line at places other than street crossings does not lessen the amount of care required of servants in charge of cars with respect to the safety of persons rightfully upon the public street.

2. SAME—*right of persons to use street car track for travel.* Although street cars have a superior right of way to general travel on streets at places other than crossings to the extent that those traveling by other means must give the right of way to moving cars, still the general public may use and travel upon the entire street, including the car tracks in such street, and are in no sense to be treated as trespassers for so doing.

*North Chicago Street R. R. Co.* v. *Smadraff*, 89 Ill. App. 411, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. S. C. STOUGH, Judge, presiding.

JOHN A. ROSE, and LOUIS BOISOT, Jr., (W. W. GURLEY, of counsel,) for appellant.

WALSH & McARDLE, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is an action on the case in the superior court of Cook county by Mary Smadraff against the North Chicago Street Railroad Company, to recover damages for personal injuries alleged to have been received by her through the negligence of said company in carelessly and negligently driving its car so that it struck the buggy in which she was seated, near the intersection of Dearborn and Monroe streets, in Chicago. A trial by jury resulted in a verdict of $7544 for the plaintiff. As a condition for refusing to grant a new trial the court required her to

remit all but $5000 of the verdict, and judgment was entered for that sum. From that judgment an appeal was taken to the Appellate Court by the defendant, where the judgment below was affirmed, and it now prosecutes this further appeal.

The only error insisted upon is, that the court below, upon the trial, improperly refused to give instructions numbered 26 and 33 asked on behalf of defendant. The twenty-sixth is as follows:

"The court instructs the jury that street cars have a right of way superior to that of all other persons at all places along their lines except at street crossings, and that at street crossings the rights of street cars and the traveling public are equal. And if the jury believe, from the evidence, that the plaintiff was struck by one of the defendant's cars at some place along its line other than at a street crossing, then the court further instructs the jury that in determining whether or not the said defendant was in the exercise of due care, you should take into consideration the fact that the said defendant had a right of way superior to that of all other persons at all places along its line except at street crossings, together with all other facts and circumstances in evidence."

The accident occurred on Dearborn street, immediately north of Monroe, in Chicago. The former street extends north and south and the latter east and west. There are car tracks of the appellant in both streets. The track on Monroe comes into Dearborn from the west, and by a curve turns into the latter on the east side of the street and proceeds north. The appellee and her husband were riding in a buggy on the east side of Dearborn street, east of the car track. A train of the appellant, consisting of a grip-car and trailer, came up behind them, and the front part of the grip-car collided with the left front wheel of the buggy, breaking the wheel, and the buggy sank on the side next the car, and the appellee, who was sitting on that side, fell or was thrown against the car.

The question of fact mainly contested between the parties is whether the accident was occasioned by the negligent driving of appellee's husband or by the negligence of those in charge of appellant's train, the evidence on these issues being conflicting. All parties agree that at the point of collision there was, to a greater or less extent, a jam of vehicles in the street. The evidence on behalf of plaintiff below tended to show that by reason of a row of wagons between the car track and the sidewalk the outer wheel of the buggy had to go on one of the tracks, and that the gripman, contrary to the directions of the policeman on duty there, negligently ran into it. The defendant insisted, and the evidence offered on its behalf was to the effect, that the gripman started forward at the command of the policeman, and that as he approached the buggy, which was not then on the track, the driver, plaintiff's husband, suddenly turned the horse to the right, which movement cramped the left fore wheel, throwing it in the way of the car, resulting in the injury complained of.

In this state of the evidence we think the refusal of the foregoing instruction was not error. In the first place, the major proposition is too broadly stated. Although street cars have a superior right of way to the general travel on streets at places other than crossings, to the extent that those traveling by other means must get off the tracks and give the right of way to moving cars,—for the reason that they can get off the track, whereas the cars cannot,—still, the general public have the right to use and travel upon the entire street, including that portion of it on which the car tracks are laid, and are in no sense to be treated as trespassers for so doing. It is therefore not true that street cars have, "at all times and under all circumstances, a superior right of way along their lines except at street crossings."

But even if it were otherwise, the latter part of this instruction, under the facts of the case, is, to say the

least, misleading. In what way or manner the superior right of the defendant is to be considered in determining whether or not it was in the exercise of due care is in no way indicated. The fact that it had generally a superior right of way along its line at places other than at street crossings in no way tends to prove that the gripman in charge of the car at the time and place of the accident was not negligent, nor would that fact lessen the amount of care and diligence incumbent upon the defendant with respect to the welfare and safety of the plaintiff or other persons rightfully upon the public street. The instruction, however, is calculated to mislead the jury to the contrary inference. The question was not one of superior right to the use of the street, but purely as to whether or not the defendant was guilty of the negligence charged and the plaintiff in the exercise of ordinary care. The instruction could in no way properly aid the jury in reaching a conclusion on those questions.

The rule sought to be announced in the thirty-third instruction asked on behalf of defendant is sufficiently laid down in other instructions given on its behalf, and was therefore properly refused.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*