CARL S. SWANSON, Appellee, *vs.* THE CHICAGO CITY RAIL-
WAY COMPANY, Appellant.

*Opinion filed December 22, 1909.*

1. STREET RAILWAYS—*street railway company must use greater care than steam road on private right of way.* A street railway company operating cars in the public streets owes a greater duty toward persons in the streets than a steam railroad company does toward trespassers upon its private right of way.

2. SAME—*a street railway company must use care to avoid injuring persons in streets.* A street railway, electric road or steam railroad company in the running of its trains must use ordinary care and prudence, regardless of statutory regulations, to avoid injuring persons rightfully using the public streets and highways.

3. SAME—*failure of a conductor to acquire knowledge of dangerous situation of boy may be negligence.* Where the conductor of a stalled cable train knows that a crowd of young school boys have collected around it, it is his duty to exercise ordinary care to see that they are not injured by the starting of the train, and if by the exercise of such care he could have seen one of the boys in a dangerous situation or heard the outcries of the bystanders and avoided injuring him, his failure to see or hear is negligence, for which the company is responsible.

4. EVIDENCE—*what is admissible as part of res gestæ.* Testimony that the conductor of a stalled cable train was standing with his back against the rear of the trailer when a crowd of school boys came up and that he invited the boys to "come on and help push," is admissible as part of the *res gestæ* and as showing notice to him of the presence of the boys pushing on the car, even though several minutes elapsed before one of the boys who were pushing was injured by being thrown under the car when its speed suddenly increased.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment of the superior court of Cook county for $2500 in an action brought by appellee against appellant to recover damages for injuries resulting from the alleged negligence of appellant's servants.

On January 11, 1906, appellee, a boy a little less than nine years of age, with several other boys, while on his way home from school (situated just around the corner from the scene of the accident) was attracted by a southbound grip-car and trailer belonging to appellant which had stood for some time opposite No. 3531 Cottage Grove avenue, the cable being stopped or not properly working at the time. The testimony of appellee and several of his boy playmates is to the effect that the conductor was standing with his back against the rear dash-board of the grip-

car, apparently trying to push the car along, and that while the conductor was in this position he invited them to assist, saying, "Come on, boys, and help push the car." They also testified that while the conductor was in this position, the appellee, standing face to face with the conductor and with the latter's knowledge, pushed on the west side of the trailer, taking hold of a rim or projection which ran along the side of the car about the height of his breast, and that the cars began to move forward; that the conductor stepped on board the train and paid no further attention to the boys and the boys continued to push, the appellee walking opposite the right rear wheel of the car; that when the car had moved about ten feet its speed was suddenly increased with a jerk, and the appellee was pulled down, his left leg going over the low side-fender and between it and the wheel of the car, which, as it revolved, ground against his leg and into the flesh; that the car ran with the appellee's leg in this position about 350 feet, to the corner of Thirty-sixth street, before it was stopped. The testimony for appellee is also to the effect that from the time he fell with his leg against the wheel until the car stopped, several men and boys were running along the side of the grip-car, shouting, "Stop the car,—a boy is hurt!" or similar words. There was also evidence from some of the bystanders that during this time the motorman and conductor were talking together and seemingly paid no attention to such shouting. The appellee clung to the rim or projection of the car and kept his body off the ground with his right foot. His leg was found to be nearly cut off and had to be amputated at the knee.

The evidence on behalf of appellant tends to show that after the Cottage Grove avenue cable had stopped there were a number of boys playing tag, jumping on and off and running through the cars, shouting and ringing the bell, while the train was stopped and after it began to move; that the trainmen warned the boys off the cars;

that the train started without any jerking, and after it
started the boys followed it, shouting and yelling; that the
trainmen did not have any notice that appellee was in dan-
·ger until the train had nearly reached Thirty-sixth street,
when a colored man on the street notified the conductor
that one of the boys was in a· dangerous position, and the
conductor at once gave the emergency signal to stop and
the train was stopped within a few feet; that no invita-
tion was given to appellee or the other boys to push the
cars, and that no reason could have existed for such a re-
quest, as the cable was never out of the grip, and that if
it had been out the train could not have been moved a suf-
ficient distance in that way to have reached the first "pick-
up," which was located near Thirty-ninth street, a distance
of some four blocks south of the place of the accident.

SAMUEL S. PAGE, and WATSON J. FERRY, for appellant.

JOHN E. WATERS, and FRANCIS J. WOOLLEY, for ap-
pellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The first and principal contention of appellant is, that
the trial court committed reversible error in giving appel-
lee's twelfth instruction.   Appellee contends that the rule
of law announced in this instruction is that laid down by
Shearman. & Redfield on the Law of Negligence, (vol. 1,
sec. 99, 4th ed.) that a plaintiff could recover, "notwith-
standing his own negligence exposed him to the risk of
injury, if such injury was proximately caused by the omis-
sion of the defendant after having such notice of the plain-
tiff's danger as would put a prudent man upon his guard to
use ordinary care for the purpose of avoiding such injury."
This rule was quoted with approval in *Chicago West Di-
vision Railway Co*. v. *Ryan*, 131 Ill. 474, and is understood
now to be the settled law in this State.

Counsel for appellant find no fault with this rule as thus laid down, but insist that this instruction is wrong because, in effect, it "authorizes a recovery for mere negligence and inattention in failing to hear" the alleged warning or outcry given by the bystanders; that, in other words, by this instruction it is sought to hold the defendant liable for its negligence in failing to exercise ordinary care in discovering facts which, if discovered, were of a character to put a reasonably prudent person on the alert with reference to the boy's position of danger. It is argued that mere inattention to duty in such a case as this would not be a failure to exercise ordinary care in respect to a person not a passenger. Much of the argument of counsel seems to be based upon the mistaken assumption that the defendant, in operating a street car in public streets, is charged with no higher degree of responsibility and owes no greater duty to the public than does a steam railroad company on its private right of way to a person who is a mere trespasser thereon. (*Wabash Railroad Co.* v. *Jones,* 163 Ill. 167; *Martin* v. *Chicago and Northwestern Railway Co.* 194 id. 138.) A street railway in the city, or a steam railroad in a public highway or at a street crossing in the city, is charged with a responsibility entirely different from that of a steam railroad on its private right of way. In *North Chicago Street Railroad Co.* v. *Smadraff,* 189 Ill. 155, in discussing this question, we held that although street cars have a superior right of way to general travel on the streets, at places other than crossings, to the extent that those traveling by other means must get off the tracks and give the right of way to the moving cars, for the reason that the latter cannot leave the tracks, "still, the general public have the right to use and travel upon the entire street, including that portion of it on which the car tracks are laid, and are in no sense to be treated as trespassers for so doing." To the same effect are *North Chicago Electric Railway Co.* v. *Peuser,* 190 Ill. 67, and *Eckels*

v. *Muttschall,* 230 id. 462. A street railway, electric road
or steam railroad, in the running of its trains, is required
to exercise ordinary care and prudence to avoid injuring a
person rightfully using the public streets and highways, re-
gardless of statutory regulation on the subject. (*Chicago
City Railway Co.* v. *Fennimore,* 199 Ill. 9; *Chicago and
Joliet Electric Railway Co.* v. *Wanic,* 230 id. 530.) Should
the appellant be held for the negligence of its employees in
failing to obtain, at the time of this accident, a knowledge
of the facts which would have caused a prudent person to
be on the alert? In. *Harlan* v. *St. Louis, Kansas City and
Northern Railway Co.* 65 Mo. 22, it was held that if the
company "failed to discover the danger through the reck-
lessness or carelessness of its employees when the exercise
of ordinary care would have discovered the danger and
averted the calamity," it would be liable. That case was
quoted with approval by this court in *Lake Shore and
Michigan Southern Railway Co.* v. *Bodemer,* 139 Ill. 596.
What distinction is there, in negligence, in failing to ac-
quire knowledge, and "carelessness," as the latter word is
used in the authorities just cited? In *Star Brewing Co.* v.
*Hauck,* 222 Ill. 348, the evidence tended to show that a
boy had been standing on the sidewalk with his face turned
away from an approaching brewery wagon, but he was in
plain view of the driver for a distance of eighty-five feet
if the latter had been observing where he was driving;
that the boy suddenly and unexpectedly ran in front of the
horses and was knocked down, run over and killed. The
brewery company was held liable for the boy's death. If
we understand the argument of appellant on this question,
it would logically result in the driver of the brewery wagon
not being held liable for this failure to observe where he
was driving. The notice necessary to put a prudent man
on the alert certainly does not mean notice necessary to put
a blind or deaf man on the alert. If the rule contended
for by counsel be correct, then the street car corporations

would not be held liable for accidents even if their conductors and motormen were to close their ears and shut their eyes and run their cars through the streets heedless of consequences. Conceding that the testimony for appellant as to what occurred in and about the cars before and at the time of the accident is correct, the conductor and motorman knew that the boys were on the street and about the cars. In discussing a somewhat similar state of facts as to children being on the street, in *Hackett* v. *Chicago City Railway Co.* 235 Ill. 116, this court said (p. 130): "Any man of ordinary intelligence knows that children are then more apt" (being just free from the school room) "to run and play in heedless glee than under ordinary circumstances, and that while so doing they will pay less attention to their immediate surroundings and exercise less discretion than they commonly do. Appellant was chargeable with this knowledge, and that being true, it was for the jury to say whether it was guilty of negligence in propelling the car at the rate of speed at which it traveled, and in failing, by its motorman, to have the brake-chain so wound up as that the brake could be instantly applied if necessity for stopping the car or lessening its speed arose." That same reasoning applies with great force to the facts in this case. It was the duty of the conductor and motorman to be on the alert to see that these children were not injured. If by the exercise of ordinary care and prudence in the discharge of their duties, under the facts shown in this case, they could have seen the boy in his dangerous position or heard the cries of the bystanders, then the company should be charged with their negligence in failing to see or hear.

The further contention is made that the testimony of appellee and the other boys that the conductor asked them to "come on and help push the car" was improperly admitted in evidence. At the time this evidence was admitted counsel for appellee stated that he did not claim it should be admitted for the purpose of showing negligence on the

part of the conductor, but for the purpose of showing that he had notice or knowledge that the boys were about the cars. Counsel for the appellant at that time stated that it ought to be stricken out because it did not show negligence. We are disposed to hold that this request to help push was a part of the *res gestæ* and admissible on that ground. It is contended by the appellant that the conductor asked the boys to help some fifteen or twenty minutes before the accident occurred, and therefore this was not a part of the *res gestæ*. We think the weight of the evidence tends to show that the request was made only four or five minutes before the boy was injured, and that it was a verbal act explaining, illustrating or interpreting other parts of the transaction of which it was itself a part, and hence was a part of the *res gestæ* and admissible. (*Chicago West Division Railway Co.* v. *Becker,* 128 Ill. 545; *Pennsylvania Co.* v. *McCaffrey,* 173 id. 169.) A narrative of past events cannot be introduced as a part of the *res gestæ.* Continuousness, however, is not always to be measured by time. A transaction in which parties are absorbed may last for weeks, so as to make what is said and done in connection with it a part of the *res gestæ.* (1 Wharton on Evidence, sec. 261; *McMahon* v. *Chicago City Railway Co.* 239 Ill. 334, and cases there cited.) This alleged invitation of the conductor was contemporaneous with the main fact,—the injury,—and therefore was properly admitted, not to show negligence on the part of appellant, but for the purpose of showing, in connection with the other evidence, actual knowledge on the part of the conductor that appellee was pushing and was in danger of injury by the sudden jerking of the car.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*