## Nellie Carlin, Administratrix, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 17,929.

NEGLIGENCE—*duty towards one in place of danger.*  An instruction to the effect that plaintiff may recover for death of intestate caused by the defendant's negligence, notwithstanding intestate's own negligence exposed him to the risk of injury, if such injury was proximately caused by the defendant's omission after such notice of the intestate's danger as to put a prudent man upon his guard to avoid the injury, is erroneous where intestate was an adult and the declaration does not charge wilful negligence.

Appeal from the Superior Court of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1911.  Reversed and remanded.  Opinion filed March 25, 1913.  Rehearing denied April 8, 1913.

JOHN E. KEHOE and WATSON J. FERRY, for appellant; LEONARD A. BUSBY, of counsel.

LEBOSKY & PLUMB and TIMOTHY D. HURLEY, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an appeal from a judgment for $5,000 for personal injuries resulting in the death of plaintiff's

intestate, Edmund Carroll, from collision with one of defendant's electric cars at the intersection of Indiana avenue and 29th street. The former runs north and south and the latter east and west. The car was going north on Indiana avenue on its east track, and Carroll was going west along the north line of 29th street and was nearly across said track when struck by the car.

The case was submitted to the jury on five counts, all of which charged negligence in the driving and management of the car. The specific negligence charged in the several counts is that the car was driven at a dangerous rate of speed, and without ringing any bell so as to warn pedestrians, and without stopping it before proceeding across 29th street, and without having any headlight on the front thereof to notify persons of the approach of the car.

The evidence shows that there were persons waiting for a north-bound car at the northeast corner of the intersection of the two streets; that the motorman, intending to stop for them, shut off the electric power at a point about 100 feet south of 29th street, thus slackening the speed; that when about 50 feet south of 29th street, the power was again applied on a signal from the conductor not to stop; that at about this time Carroll moved from the sidewalk towards the track; that he started across it when the car was from ten to fifteen feet away, at which time the motorman applied the brake and endeavored to stop the car but too late to prevent the collision.

There was no evidence of the absence of a headlight or tending to show a want of duty or negligence in not stopping on the south side of 29th street. The conductor, motorman and another witness testified that the gong was being sounded as the car came to the crossing and while Carroll was moving from the sidewalk towards the track. No witnesses testified that it did not ring, but some testified that they did not remember that it did. The case, therefore, went to the jury

principally on the question as to whether the car was driven at a dangerous speed at the point in question, as the proof was hardly sufficient to support any other charge of negligence.

From Carroll's movements the motorman assumed that he was going to join those waiting for a north-bound car, and did not become aware of a different intention until Carroll stepped upon the track, when the motorman immediately did all in his power to stop the car. For appellee it is argued that Carroll had the right to assume, and evidently assumed, that the car would stop to take on passengers and that its speed, after thus slackening, would not be accelerated. The jury were thus called upon to decide whether, on the one hand, the circumstances justified the motorman in acting upon the assumption that Carroll would join those waiting for the car and not attempt to cross the track; and, on the other, whether the circumstances justified deceased in acting upon the assumption that the car would continue to slacken its speed and stop for those waiting.

The evidence was so closely balanced that it was quite important that the jury should have been accurately instructed respecting the issues. One instruction in particular, we think, was misleading and erroneous; it reads:

"The court instructs you further that notwithstanding the negligence of the deceased, Edmund Carroll, exposed him to the risk of injury, yet if you believe from the evidence under the instructions of the court that such injury was proximately caused by the omission of the servants of the defendant (as alleged in the plaintiff's declaration or any count thereof) after having such notice of the plaintiff's danger as would put a prudent man upon his guard, to use ordinary care for the purpose of avoiding such injury, then you should find the defendant guilty and assess the plaintiff's damages."

Appellee cites two cases in support of said instruction—Chicago W. D. Ry. Co. v. Ryan, 131 Ill. 474, and

Swanson v. Chicago City Ry. Co., 242 Ill. 388, both of which cite the rule laid down in Shearman and Redfield in their work on the law of negligence (Vol. 1, sec. 99, 4th Ed.) from which the language in said instruction is evidently taken.

The correctness of the rule was not questioned in the former case, but merely its application. The opinion stated that it was a settled rule of law and was approved in the Ryan case, *supra*. But in the latter case it was applied to an infant of such tender years as to be incapable of exercising ordinary care, and the court, after reviewing cases involving the rule, said:

"In such cases, where the person in danger of being injured is an adult, the defendant will only be liable for wilful injury or gross negligence, on the ground that the adult will be presumed to have the capacity of making some effort to remove himself out of the way of the threatened peril. But in the case of a child of tender years, the defendant will be liable for the want of ordinary care."

Neither the declaration nor the facts of the case at bar presented a case for the application of such rule.

Carroll was an adult and no count of the declaration charges wilful negligence. Nor does any count rest upon the theory of a failure to exercise due care to avoid injury after due notice of negligent exposure by Carroll to the risk of it. On the contrary, each charges negligence in the management of the car and alleges the exercise of due care by Carroll for his own safety. How can one under the burden and necessity of proving such averments invoke such a rule? Can a jury be properly instructed, where gross negligence is not charged, that when a street car runs into an adult pedestrian crossing its track, each in plain view, damages cannot be recovered if he does not exercise due care for his own safety, but nevertheless he may negligently expose himself to the risk of the danger and yet recover? The inconsistency is manifest. The instruction in question is irreconcilable with other given instructions casting the burden on plaintiff to prove

the exercise of due care on the part of deceased.  He could not, under the facts of this case, both exercise due care for his own safety and at the same time negligently expose himself to such danger.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*