## William Noonen, Appellee, v. Theodore Gebhardt, Appellant.

### Gen. No. 5,838.    (Not to be reported in full.)

Appeal from the Circuit Court of Whiteside county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed April 15, 1914.

## Statement of the Case.

Action by William Noonen against Theodore Gebhardt to recover commissions for selling a farm. From a judgment entered on a verdict for plaintiff, defendant appeals.

BROOKS & BROOKS, for appellant.

N. G. VAN SANT and McROBERTS, MORGAN & ZIMMERMAN, for appellee.

MR. JUSTICE CARNES delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

## Abstract of the Decision.

1. BROKERS, § 88*—*when recovery of commissions sustained by the evidence.* In an action for commissions for selling a farm, it appeared that defendant had listed his farm with a certain real estate agent who interested the plaintiff, another agent engaged in bringing purchasers of farm lands from other parts of the State, who visited defendant's farm and plaintiff claimed that while there defendant agreed with him that if he should affect a sale he would allow him anything received in excess of one hundred and twenty-five dollars per acre. The farm was afterwards sold to a purchaser produced by plaintiff for one hundred and thirty-five dollars an acre. Defendant denied that he made any such agreement or any agreement whatever for commissions with plaintiff. *Held* that a verdict and judgment for plaintiff was sustained by the evidence.

2. EVIDENCE, § 265*—*when permitting witness to testify from memorandum not prejudicial.* Permitting a witness to testify that a fact of which he spoke was fixed in his mind by his making a written memorandum of it shortly after it occurred, *held* not prejudicial error where the memorandum was not offered in evidence.

3. INSTRUCTIONS, § 134*—*when construed as directing jury to base finding on the evidence.* An instruction complained of as failing to direct the jury that their belief must be based on the evidence, *held* to fall within the rule that "a requirement in the first part of an instruction that the jury must base their findings upon the evidence applies and extends to all subsequent clauses in the instruction, and it is unnecessary in each of the succeeding sections to inform the jury that they must find from a preponderance of the evidence."

4. APPEAL AND ERROR, § 450*—*when objection to admission of evidence not preserved.* Admission of incompetent evidence, without objection, cannot be complained of on appeal.

5. APPEAL AND ERROR, § 1507*—*when compelling answer on cross-examination not prejudicial.* In an action for commissions on a sale of a farm, *held* not harmful error to require defendant, on cross-examination, to answer whether he listed his farm with other agents to be sold for a certain price where he denied that he did so.

