## John Callaghan, Appellee, v. Richard M. Harvey, Appellant.

### Gen. No. 27,115.

INNKEEPERS—*liability for unlawful arrest of guest caused by servant.* A hotel keeper is liable for the acts of a servant representing the proprietor, and in apparent authority, when such servant causes the arrest of a guest unlawfully, without excuse, and without warrant, after such guest has retired for the night.

Appeal from the Circuit Court of Cook county; the Hon. F. R. DeYoung, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Affirmed. Opinion filed May 23, 1922. Rehearing denied June 6, 1922.

LANDON & HOLT, for appellant; JOHN B. FRUCHTL, of counsel.

CHARLES C. SPENCER and ARTHUR A. HOUSE, for appellee.

MR. JUSTICE MORRILL delivered the opinion of the court.

This is an appeal from a judgment in an action *ex delicto* in which the plaintiff sought to recover damages for his alleged unlawful arrest and imprisonment instigated by an employee of the defendant. There was a verdict and judgment for $500 and costs in favor of plaintiff. A reversal is sought upon the ground that the act of the employee in causing the arrest of plaintiff was beyond the scope of his employment and that consequently his employer cannot be held liable therefor.

The evidence shows that the defendant owns and operates a hotel or lodging house at 733 South State street in Chicago, known as the Eureka Hotel. The acts upon which the suit is based were committed June 29, 1919. At that time the establishment was in

the general charge of one Schwartz, who employed all necessary assistants. Schwartz testified that he employed, among others, one Mullenberg, whose duties were of a menial character. There was not much property about the hotel subject to theft, as each room contained only a bed and chair. Towels were kept in the various toilet rooms chained to a rod. There was a clerk also employed by Schwartz in active charge of the hotel, whose duty it was to rent the rooms, and in case of any drunkenness or disorder, he was instructed to call on the police and let the officers take such action as they thought proper. Schwartz was not present at the time the matters herein involved took place. It was stipulated that defendant was not present at the hotel on the night mentioned and knew nothing of the arrest of plaintiff until after the latter had been discharged by the municipal court.

On the night in question the plaintiff was working for the American Express Company until about twelve o'clock. He then went to the hotel and paid the clerk in advance for two nights' lodging. The clerk gave him a key and plaintiff went to his room, which was on the first floor over the office. He went to the wash room and performed his ablutions, using one of the towels in the place. There were a couple of old towels lying loose on the floor and he took one of them to his room to dry his feet, which were sore. As he left the toilet room to go to his bedroom he had this towel in his hand and met Mullenberg, who said to plaintiff that he saw him cut the towel off the hook. Plaintiff then retired for the night. In about twenty minutes the policeman came, rapped on his door and one of them said, "We have orders to arrest you." Plaintiff then arose from the bed, dressed himself and submitted to arrest without protest. As he left the room Mullenberg said, "That is the man I want you to pinch—Callaghan." Plaintiff was taken in the

patrol wagon to the police station and there incarcerated until the following Monday, when his case was called for trial and he was found innocent and discharged. Mullenberg signed the complaint, charging plaintiff with disorderly conduct, and testified at the trial on behalf of the prosecution.

The foregoing statement of the testimony is sufficient to present the point upon which the case turns, which is the determination of the question as to whether or not the defendant is excused from liability because Mullenberg exceeded his authority in causing the plaintiff's arrest. The arrest of plaintiff was unlawful and inexcusable. It was made without warrant, after the hour of midnight when plaintiff had retired to sleep. The privacy of his room was invaded and he was subjected to the humiliation of an unlawful arrest and imprisonment. Mullenberg was the only representative of the proprietor with whom the guest or the policemen came in contact. Apparently he had all the authority of the owner upon the premises. His conduct was inexcusable, unlawful and unnecessary for the protection of the property.

It is not contended that the employee had any express authority to make arrests or to cause arrests to be made or that there was any ratification by defendant of Mullenberg's act. The evidence does not show that plaintiff was guilty of any theft. If Mullenberg had desired to recover the towel which plaintiff had in his possession he could readily have done so without calling in the police. The arrest seems to have been made upon the theory that towels had formerly been stolen from the place and that plaintiff was under suspicion of having committed the thefts. Appellee insists that the judgment is justified because the owner of a hotel is liable for the acts of his employees in improperly treating a guest of the hotel. The judgment is for damages resulting from the violation of the duty which the owner of a hotel owes

to his guests. In the case of *Clancy v. Barker*, 71 Neb. 83, 98 N. W. 440, the court held that a landlord in receiving a guest into his hotel impliedly undertakes that the guest shall be treated with due consideration for his comfort and safety and that a trespass committed upon the guest in the hotel by a servant of the proprietor, whether actively engaged in the discharge of his duties at the time or not, is breach of such implied undertaking, for which the proprietor is liable in damages. In that case the liability of the proprietor was predicated upon the unauthorized acts of a servant which resulted in an injury to a guest. These wrongful acts were alleged for the purpose of showing a breach of contract and the resulting damages. A similar line of reasoning supports the decision in *Chicago & E. R. Co. v. Flexman*, 103 Ill. 546, in which the railroad company was held liable for an assault committed by a brakeman upon a passenger. It was urged by way of defense that the act of the brakeman was outside of his employment and not in furtherance of his employment by the master. The court held that while this doctrine is correct, when properly applied, it has no application to the case of a wilful and malicious assault upon a passenger, to whom the railroad company owed a duty to carry to his place of destination and to use all practical care and diligence in maintaining such a degree of order and discipline as would be requisite for the safety of its passengers. In *Goddard v. Grand Trunk Ry. Co.*, 57 Me. 202, in discussing this question the court held that it was the carrier's obligation to carry his passenger safely and properly and treat him respectively; and if the performance of this duty is intrusted to servants, the law holds the carrier responsible for the manner in which the servants execute the trust. The passenger must not only be protected against the violence and insults of strangers and other passengers, but *a fortiori* against

the violence and insults of the carrier's own servants. If this duty is not fulfilled and the passenger is assaulted and insulted through the negligence of the carrier's servants, the carrier is necessarily responsible. The rule announced in the *Flexman* case was sustained in the more recent case of *McMahon v. Chicago City Ry. Co.*, 239 Ill. 334. In both of these cases the liability of the carrier was based squarely upon the violation of the duty which the carrier owed to its passengers, and in the latter case it was held, upon the authority of the *Flexman* case, that the carrier was obligated not only to protect a passenger from the violence and insults of strangers and other passengers, but also from the violence and insults of its own servants.

In this case the rights of the plaintiff were grossly invaded by his arrest and incarceration at the police station without complaint or warrant and contrary to the law. The employer must be held responsible for the wrongful act of his servant in violating the duty which the proprietor of a hotel owes to one of his guests. Any other rule would result in placing persons who patronize hotels at the mercy of any reckless servant whom the proprietor might see fit to employ and would establish a precedent impairing the personal security of any patron of a hotel who is conducting himself in an orderly manner.

The judgment of the circuit court is affirmed.

*Affirmed.*

GRIDLEY, P. J., and BARNES, J., concur.