[No. 19246. Department One. June 26, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. J. R. GLEEN, *Appellant*.[1]

CRIMINAL LAW (448)—APPEAL—HARMLESS ERROR—EVIDENCE. Error in cross-examining accused as to the commission of other similar offenses is without prejudice where he answered that he had not committed them.

INTOXICATING LIQUORS (48, 50)—UNLAWFUL POSSESSION—PRESUMPTIONS—BOOTLEGGING. Rem. Comp. Stat., § 7329, making possession of intoxicating liquor *prima facie* evidence of intent to sell, applies in a prosecution for bootlegging, and it is for the jury to determine the sufficiency of evidence offered to overcome the presumption.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered December 10, 1924, upon a trial and conviction of being a bootlegger. Affirmed.

*A. B. Bell,* for appellant.

*J. W. Selden* and *H. R. Carothers,* for respondent.

[1]Reported in 237 Pac. 292.

BRIDGES, J.—The defendant was charged with being a bootlegger and, upon trial, was convicted.

There was testimony to show that, on a certain night, the appellant stopped his automobile in the alley in the rear of his home, in the city of Tacoma. He was in the act of unloading and taking into his house more than one hundred pints of Canadian beer, when he was arrested.

On cross-examination he was asked by the prosecuting attorney if he ever had any liquor in his possession or had any in his home when he lived at another place in Tacoma. The court overruled objections to these questions and required the appellant to answer them. If it be conceded that the court erred in his ruling, it must be held that the error was without prejudice because the witness answered in the negative. *San Antonio & A. P. R. v. Peterson,* 20 Tex. Civ. App. 495, 49 S. W. 924; *McMahon v. Chicago City Railway Co.,* 239 Ill. 334, 88 N. E. 223; *Johnson v. Grondin,* 170 Mich. 447, 136 N. W. 423; *Gallick v. Bordeaux,* 22 Mont. 470, 56 Pac. 961; *Noonen v. Gebhardt,* 186 Ill. App. 276.

The other assignments of error may be presented together. In its instructions, the court quoted to the jury § 7329, Rem. Comp. Stat. [P. C. § 3185], which is with reference to possession of intoxicating liquor being *prima facie* evidence of intent to sell, and told the jury that that statute makes possession of intoxicating liquor *prima facie* evidence that it was held and kept for the purpose of unlawful sale or disposition, and unless this presumption was successfully rebutted or explained, it would be sufficient to justify a verdict of intent to sell. At the close of the state's evidence, the appellant moved the court for dismissal on the ground of insufficient testimony. The argument seems to be that this presumption statute has no application to the

bootlegging statute and that it applies alone to § 7309 [P. C. § 3166], which provides that it shall be unlawful to manufacture, sell, barter, exchange, give away, furnish or otherwise dispose of intoxicating liquor or keep such liquor with intent to sell, barter, etc.

We think these claims of error are disposed of by the case of *State v. Jewett*, 120 Wash. 36, 207 Pac. 3. There the appellant was charged with being a bootlegger, and it appeared from the testimony that he had in his possession and was carrying about a considerable quantity of intoxicating liquor. We held that the presumption statute applied and that it was for the jury to determine whether there was sufficient evidence to overcome the presumption, and that in considering that question it had a right to take into consideration the circumstances under which the liquor was found, the amount in the appellant's possession, and other testimony of like character.

The large quantity of liquor found in appellant's possession might well be considered by the jury as proof that the intention was to sell it, and particularly is this so when the business in which he was engaged is taken into consideration.

We think there was ample testimony to carry the case to the jury. The judgment is affirmed.

TOLMAN, C. J., MAIN, PARKER, and ASKREN, JJ., concur.