[No. 15048.    Department Two.    May 9, 1919.]

THE STATE OF WASHINGTON, *Respondent*, v.
GEORGE CRAIG, *Appellant*.[1]

PROSTITUTION (1) — LIVING WITH PROSTITUTE — STATUTE.    Rem.
Code, § 2440 making it unlawful to live with a common prostitute is
constitutional.

SAME (2)—INDICTMENT AND INFORMATION (60)—SUFFICIENCY.    An
information for living with a common prostitute, framed in the lan-
guage of the statute, is sufficient.

SAME (3)—EVIDENCE—ADMISSIBILITY.    In a prosecution for living
with a common prostitute, evidence of other witnesses to his acts
of commerce with her and other prostitutes at the same place is
admissible as tending to show the accused's knowledge of her moral
status, and to show a general design from which criminal intent
may be inferred.

Appeal from a judgment of the superior court for
Thurston county, Wilson, J., entered June 5, 1918,
upon a trial and conviction of living with a prostitute,
after a trial to the court.    Affirmed.

*Thomas M. Vance*, for appellant.
*Thos. L. O'Leary*, for respondent.

HOLCOMB, J.—Appeal upon conviction of the crime
of violating Rem. Code, § 2440 (unlawfully living with
a common prostitute).    Trial was had to the court,
defendant waiving a jury.

Appellant contends, (1) that the foregoing section
is unconstitutional; (2) that the indictment, framed
in the language of the statute, was demurrable; and
(3) that the court erred in the admission of certain
testimony.    The first two contentions are disposed of
against appellant by our decisions in *State v. Colum-*

[1]Reported in 180 Pac. 896.

*bus,* 74 Wash. 290, 133 Pac. 455; and *State v. Schuman,* 89 Wash. 9, 153 Pac. 1084, Ann. Cas. 1918A 633.

The state introduced a number of witnesses, confessedly prostitutes, who testified to the fact that appellant and the woman with whom he is charged to have committed the offense lived together in a house to which the witnesses resorted from time to time; and, further, that the witnesses themselves had sexual congress with the appellant. Appellant contends that such showing was calculated to prejudice the mind of the court against him; the state argues that such evidence is admissible as tending to show the knowledge which appellant had of the moral status of the woman with whom he was cohabiting, and as going to show a system or general design from which a criminal intent or purpose may be inferred in the commission of the particular act charged, with which we agree. *State v. Schuman, supra.* We are convinced that the trial court did not err in admitting testimony of the character presented in this case.

The judgment is affirmed.

PARKER and MOUNT, JJ., concur.