THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JAMES FOLEY, Defendant.

(Supreme Court, Tompkins Special Term, October, 1920.)

Liquor Tax Law — demurrer to indictment — effect of the Eighteenth Amendment to United States Constitution and the National Prohibition Act upon the state Liquor Tax Law.

By chapter 911 of the Laws of 1920, amending the Liquor Tax Law, and in effect May 24, 1920, section 30 of the Liquor Tax Law was repealed and a new section 30 inserted under which there is no subdivision "P." *Held,* that an indictment charging a violation of subdivision "P" of section 30 of the Liquor Tax Law, on or about August 21, 1920, was demurrable.

The Liquor Tax Law is still in full force and effect except so far as it permits acts forbidden by the Eighteenth Amendment to the United States Constitution or by the federal statute enacted pursuant thereto.

DEMURRER to an indictment.

Arthur G. Adams, district attorney, for people.

Stephens & Collins, for defendant.

TUTHILL, J.   The defendant is indicted for violating the Liquor Tax Law of this state, for having in his possession on or about August 21, 1920, whiskey, brandy and strong wine within the city of Ithaca, Tompkins county, where the trafficking or possession of liquor is prohibited by reason of the result of the vote of local option under said statute.

From the 2d paragraph of the indictment it is apparent it was found under subdivision "P" of section 30 of said act as in force previous to May 24, 1920, when chapter 911 of the Laws of 1920, amending the Liquor Tax Law, became effective.   By section 28 of such chapter, section 30 of the former act was repealed "and a new section thirty is inserted and made a part of article three thereof."   Under the new section 30 there is no subdivision "P."   In many respects such subdivision was re-enacted under subdivision "K" of the new act, but I have grave doubts whether a valid conviction could be had under an indictment charging an offense under a section and subdivision which had been repealed and not even re-enacted in some particulars, at least, as alleged in the indictment.

The demurrer is, therefore, allowed, and order to that effect may be entered upon the minutes, as provided by section 326 of the Code of Criminal Procedure.

The question arises whether the case should be submitted to another grand jury.   The defendant contends in substance that the court is without jurisdicion as the Liquor Tax Law of the state has been superseded by the National Prohibition Act, commonly referred to as the Volstead Act, and that the latter takes precedence over the former.

I have been referred to no decision in this state or

Supreme Court, October, 1920. [Vol. 113.

by a federal court in which the question has been decided. In *Ex Parte Guerre,* 110 Atl. Rep. 224 (Supreme Court, Vt., May 8, 1920), it was held that the state statute of Vermont, prohibiting unlicensed trafficking in intoxicating liquors, did not cease to be in force or become suspended because of the subsequent enactment of the War Prohibition Act, approved November 12, 1918 (U. S. Comp. St. Ann. §§ 3115 11/12 f–3115 11/12 h). The following propositions are stated in the head note:

" A state law enacted under any of the reserved powers — especially if under the police power — is not to be set aside as inconsistent with an act of Congress, unless there is actual repugnancy, or unless Congress has at least manifested a purpose to exercise its paramount authority over the subject.

" The test by which to determine whether a state statute prohibiting an act as a police measure is invalidated by an act of Congress prohibiting the same act as a war measure is: Can the former be upheld and enforced without obstructing or embarrassing the execution of the latter? for, if so, there is no invalidating conflict."

" Though a state police regulation must yield to a valid act of Congress, it yields only when and to the extent that its enforcement conflicts therewith, or with the exercise of rights conferred or the discharge of duties enjoined by the paramount act, and to the extent that the two are in harmony they are concurrent; the one supplementing the other.

" It is no objection to the concurrent validity of state and federal statutes that both penalize the same act, since the same act may constitute an offense equally against the United States and the state, subjecting the guilty party to punishment under the laws

of each, provided the act is one over which both sovereignties have jurisdiction.''

I also understand that Chief Justice Gummere of the Supreme Court of New Jersey, in a recent charge to a grand jury, said, with the concurrence of other judges of that state:

'' The Eighteenth Amendment provides that Congress and the several states shall have concurrent power to enforce this article by appropriate legislation. Congress has passed the statute known as the Volstead Act, the purpose of which is to enforce this amendment. New Jersey, since the amendment went into effect, has done nothing, and so the question to be resolved is not what is the scope of a statute passed after the amendment and expressly in furtherance of the powers conferred under it, but whether a statute in existence long before the amendment came into being can be availed of by the state to punish offenders.

'' This question is an entirely novel one so far as judicial declarations of the Federal courts or any of our higher courts are concerned, and we think it is for us, sitting as a court of oyer and terminer, to resolve the question as a court of first instance, as best we are able, and to lay down the law as we perceive it for your guidance.

'' This statutory provision is prohibitive. It absolutely prohibits anybody from making a sale of liquor within the limits recognized in the statute unless he has a license.

'' But after the Constitutional Amendment became effective the power of the state to issue licenses was destroyed and so if a vendor of liquor was in possession of the license at the minute the amendment became effective that license was destroyed because the

power of the state was non-existent so far as it conflicted with the supreme law of the land.

"With some hesitancy we have come to the conclusion that, although this statute was not passed pursuant to section 2 of the amendment, nevertheless it is effective today in New Jersey, and the Constitutional Amendment only wiped out the condition as to a license and left the statute a bald declaration that the sale of liquor within the limits of the statute is a criminal offense."

Until there is controlling authority in this state, or a decision by a federal court to the contrary, the reasoning in the matters above cited I believe should be followed, and it should be held that the Liquor Tax Law of this state is in full force and effect except so far as it permits acts forbidden by the Eighteenth Amendment of the Federal Constitution, or by the Federal law enacted pursuant thereto.

The court being of the opinion that the objection on which the demurrer is allowed may be avoided by a new indictment, directs the case to be resubmitted to another grand jury as authorized by section 327 of the Code of Criminal Procedure.

Judgment accordingly.