[No. 16676. Department One. May 5, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v. ED. JEWETT, *Appellant,* WILLIAM C. TINER, *Defendant.*[1]

INTOXICATING LIQUORS (6)—PROHIBITION — BOOTLEGGING — EIGHTEENTH AMENDMENT. Prosecution under state laws for bootlegging is lawful as in aid of the enforcement of the 18th amendment to the constitution of the United States and the Volstead act passed pursuant thereto.

CRIMINAL LAW (55)—FORMER JEOPARDY—DIFFERENT OFFENSES IN SAME ACT. In a prosecution for bootlegging, under the state laws, former jeopardy is not shown by a prior conviction in the Federal court of unlawful transportation of the same liquor, in violation of the Volstead act; since the offenses are not the same.

INTOXICATING LIQUORS (48, 50)—UNLAWFUL POSSESSION—BOOTLEGGING—EVIDENCE—SUFFICIENCY. Under Rem. Comp. Stat., § 7329, making possession of intoxicating liquor *prima facie* evidence that it was kept for unlawful sale or disposition, it is for the jury to determine, under the circumstances, whether accused, found carrying around a jug of liquor, was guilty of bootlegging, although the only evidence on the subject was his denial that he had sold or intended to sell it.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered December 8, 1920, upon a trial and conviction of bootlegging. Affirmed.

*Rummens & Griffin* and *C. D. Beagle,* for appellant.
*W. L. Brickey* and *W. H. Hodge,* for respondent.

BRIDGES, J.—The information against the defendants charged that, in Skagit county, Washington, on or about May 1, 1920, they did, "wilfully, unlawfully and feloniously carry about with them, for the purpose of unlawful sale thereof, certain intoxicating liquor, to-wit: a keg of liquor or liquid capable of being used as a beverage and containing intoxicating properties

[1]Reported in 207 Pac. 3.

. . ." There were separate trials and each defendant was convicted; the defendant Jewett has appealed.

He first contends that the court erred in not sustaining his demurrer to the information because, "since the adoption of the eighteenth amendment (to the Federal constitution) and the passage (by Congress) of the Volstead act, the states have no power to legislate upon the question with respect to intoxicating liquors," and because, when the Volstead act was passed, "all then existing state laws were annulled." The questions thus presented to us are not new ones in this court. In the case of *State v. Turner,* 115 Wash. 170, 196 Pac. 638, we said:

"Whatever may be the precise effect of the eighteenth amendment and the Volstead act passed pursuant thereto, it cannot be said that, so far as the statute prohibiting bootlegging and conducting illegal joints are concerned, they are not in aid of the enforcement of the eighteenth amendment, and the eighteenth amendment permits the passage and the enforcement of laws which were enacted either before or after that amendment which tend to the enforcement of the amendment; that power being specifically reserved as concurrent with the power of the Federal government."

We have affirmed the doctrine there announced in *State v. Woods,* 116 Wash. 140, 198 Pac. 737, and *State v. Gibbons,* 118 Wash. 171, 203 Pac. 390. At the earnest invitation of counsel for appellant, we have again affirmatively and independently reviewed these questions, and we again unhesitatingly affirm the doctrine of the *Turner* case, *supra.* We have no doubt that the several states now have a right to enact and enforce any laws, or enforce any previously enacted laws, on the subject of intoxicating liquors which tend to carry into effect the purposes and objects of the eighteenth amendment and the Volstead act, and that

the only privilege of which they have been deprived by
the amendment is that they may not enact or enforce
laws which would be inimical to or tend to defeat the
amendment, or acts of Congress passed by virtue of it.
Not only may they enact any laws on this subject which
are not inconsistent with the Congressional acts or the
eighteenth amendment, but it is conceivable that they
may enact any laws so long as they do not undertake
to declare that lawful which the amendment or Con-
gressional act declares unlawful, or seek to legalize
that which the amendment has declared illegal. We do
not deem it necessary, however, at this time to enter
into a full discussion of this question. The great
weight of authority supports the view we have taken.
*Jones v. Hicks,* 150 Ga. 657, 104 S. E. 771, 11 A. L. R.
1315, and notes; *State ex rel. Stranahan v. District
Court,* 58 Mont. 684, 194 Pac. 308; *State v. Fore,* 180
N. C. 744, 105 S. E. 334; *City of Shreveport v. Marx,*
148 La. 31, 86 South. 602; *Commonwealth v. Nickerson,*
236 Mass. 281, 128 N. E. 273, 10 A. L. R. 1568; *People
v. Foley,* 113 Misc. Rep. 244, 184 N. Y. Supp. 270.

During the trial, appellant offered in evidence a cer-
tified copy of the judgment roll of the United States
district court for the western district of Washington,
northern division, which shows that appellant had been
tried and convicted in that court, under the Volstead
act, for the transportation of the identical liquor in-
volved in this case. It is claimed that the court erred
in refusing to receive this offer. Manifestly the only
purpose in offering this testimony was to show, if pos-
sible, former jeopardy. In our opinion, the ruling of
the court was correct, because the testimony offered
and rejected tended to show that the appellant had been
convicted of the crime of unlawful transportation of the
liquor in question, whereas in this case he was being

tried for the offense of carrying about with him, for purposes of unlawful sale, the same liquor. The offenses were not the same. One concerned unlawful transportation in violation of the Volstead act, and the other concerned the violation of the bootlegging act of the state laws. Under no circumstances could the conviction for the one offense be a bar to his trial and conviction of the other.

Appellant further contends that there was not sufficient testimony to support the verdict of guilty on the charge of bootlegging. His argument is that the state's testimony went no further than to show that, when arrested, he was in possession of the keg of liquor mentioned in the information, and that there was no effort on the part of the state to prove that he had sold—or intended to sell—or give away, any portion of the liquor, and that the only testimony on this subject was that of the appellant himself, who denied that he had sold, or intended to sell, any of the liquor which was found in his possession.

One section of our statute provides that possession and proof of possession of intoxicating liquor ". . . shall be *prima facie* evidence that said liquor was so held and kept for the purposes of unlawful sale or disposition." (Laws of 1917, p. 61, § 12; Rem. Comp. Stat., § 7329.) It was for the jury to determine whether the testimony of the appellant was sufficient to overcome this statutory presumption. In determining this question, the jury had a right to take into consideration the circumstances under which the liquor was taken, the amount found in appellant's possession, and the fact that it was shown he also had other liquor at his home. *State v. Bachtold,* 106 Wash. 550, 180 Pac. 896; *State v. Conner,* 107 Wash. 571, 182 Pac. 602.

The appellant also complains of one of the instructions given to the jury; we do not deem it necessary to

discuss this matter in detail. We think the instruction was proper. Judgment affirmed.

PARKER, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.