[No. 20014.  Department Two.  December 21, 1926.]

THE STATE OF WASHINGTON, *Respondent*, v. DOLPH GUMM, *Appellant*.[1]

[1] INTOXICATING LIQUORS (30, 50)—BOOTLEGGING—EVIDENCE—SUF-FICIENCY.  A conviction of bootlegging is sustained by evidence that accused conducted a purchaser to a place where whisky was secreted and sold it to him under circumstances tending to show that he or his confederates had carried it there for the purpose of unlawful sale.

[2] CRIMINAL LAW (356)—NEWLY DISCOVERED EVIDENCE—DILIGENCE IN PROCURING.  A new trial for newly discovered evidence is properly denied where the evidence was known to the defendant who neglected to ask for a subpoena for the witness upon the mere promise of the witness to attend.

Appeal from a judgment of the superior court for Cowlitz county, Kirby, J., entered February 8, 1926, upon a trial and conviction of bootlegging.  Affirmed.

*Imus & O'Bryon*, for appellant.

*Hite Imus* and *Roswell J. Quinn*, for respondent.

PARKER, J.—The defendant Gumm was charged by information filed in the superior court for Cowlitz county with the crime of being a bootlegger, committed by carrying about with him in that county intoxicating liquor, commonly known as "moonshine whiskey," for the purpose of unlawful sale.  His trial resulted in a verdict of the jury finding him guilty as charged and

[1]Reported in 251 Pac. 273.

a judgment rendered thereon against him, from which he has appealed to this court.

[1] It is contended in behalf of Gumm that the trial court erred in refusing to take the case from the jury and decide as a matter of law that the evidence does not support the verdict and judgment. There was testimony, if believed by the jury, which they were warranted in believing, showing these facts. Gumm approached a witness in a pool hall in such manner as to plainly indicate to the witness that he, Gumm, would sell to the witness some whiskey. The witness then assenting, Gumm took him several blocks from the pool hall, and from a hidden place in the grass near the sidewalk upon which they stopped, he took a bottle of whiskey, gave it to the witness and received from him $2.50 as the purchase price therefor. This is, in substance, the testimony of that witness. Another witness testified, in substance, that he, at the same time, saw Gumm and the witness above mentioned go from the pool hall to the same place, he following them on the opposite side of the street, and saw from across the street a bottle taken from the grass by Gumm and delivered by him to the witness above mentioned, who handed something to Gumm at the same time. It was dark, so what was handed back to Gumm could not be plainly seen from across the street. This all occurred attended by such circumstances as to warrant the jurors in believing, as they evidently did believe, that Gumm, or someone acting in concert with and for him, had carried the bottle of whiskey to the place and secreted it there with a view of Gumm finding a customer to whom it might be sold. We think the evidence supports the conclusion that Gumm was thus shown to be guilty of being a bootlegger within the meaning of Rem. Comp. Stat. § 7328, [P. C. § 3179h] providing that "any person who carries about with

him intoxicating liquor for the purpose of the unlawful sale of the same be and is hereby defined to be a bootlegger.'' We are of the opinion that the court could not have rightfully taken the case from the jury and decided to the contrary as a matter of law, though the evidence of Gumm's carrying the liquor about for unlawful sale is only circumstantial. We see nothing involved touching this contention, other than questions of fact and inferences which the jury were warranted in drawing from facts testified to. Observations made by us in *State v. Hessel*, 112 Wash. 53, 191 Pac. 637, and *State v. Sills*, 113 Wash. 497, 194 Pac. 580, lend support to this conclusion.

[2] Some contention is made in behalf of Gumm that he is entitled to a new trial upon the ground of newly discovered evidence. We see no merit in this contention. It seems clear to us, from Gumm's own showing by way of affidavits, that the claimed evidence was not newly discovered, but was by Gumm well known to exist, before the trial. Gumm does seem to have had some slight excuse for not producing at the trial the one proposed witness who might testify supporting his defense of alibi, but no subpoena was ever issued for the witness, reliance being placed upon the witness' mere promise to be present, and the case permitted to go to the jury without any request to the court for any action looking to the production of the witness or any request for further time to produce the witness.

The judgment is affirmed.

TOLMAN, C. J., ASKREN, MACKINTOSH, and BRIDGES, JJ., concur.