[No. 20037. Department Two. March 7, 1927.]

THE STATE OF WASHINGTON, *Respondent,* v. ALBERT PRESTA, *Appellant.*[1]

[1] INTOXICATING LIQUOR (29, 50)—OFFENSES—TRANSPORTATION—EVIDENCE—SUFFICIENCY. Under Rem. Comp. Stat., § 7329, making possession of intoxicating liquor *prima facie* evidence that it was kept for the purpose of unlawful sale, the fact that a quantity of moonshine was being carried around is sufficient to warrant a conviction of bootlegging.

[2] CRIMINAL LAW (217)—TRIAL—CONDUCT OF JUDGE—COMMENT IN RULING ON EVIDENCE. It is not unlawful comment on the evidence for the judge, on objection to testimony, to refer to and point out the evidence which was and which was not withdrawn from the consideration of the jury.

[3] SAME (234)—TRIAL—SUFFICIENCY AND SCOPE OF OBJECTION. An exception to the admission of certain evidence does not raise the point that the judge unlawfully commented thereon.

[4] SAME (216)—TRIAL—CONDUCT OF JUDGE—COMMENT ON EVIDENCE. It is not unlawful comment on the evidence for the court to

[1]Reported in 253 Pac. 811.

ask the prosecutor if he is surprised at certain evidence, where it was material to decide whether he could continue to ask leading questions to a reluctant witness.

[5] SAME (216)—TRIAL—CONDUCT OF JUDGE—COMMENT ON EVIDENCE. It would be unlawful comment on the evidence for the trial judge, during argument, to state that there was no evidence contradicting a certain witness, but the record in the case indicates that the remark was made by counsel and not by the court.

[6] APPEAL (456)—CRIMINAL LAW (446)—REVIEW—HARMLESS ERROR —ADMISSION OF EVIDENCE. Where improper testimony admitted was struck out on objection it will be presumed that the jury observed the admonition to disregard it.

[7] INTOXICATING LIQUOR (29, 51)—OFFENSES—TRANSPORTATION—INSTRUCTIONS—PRESUMPTION FROM POSSESSION. In view of our statute making mere possession of intoxicating liquor *prima facie* evidence of unlawful intent to sell in a prosecution for bootlegging it is not material or necessary in instructions on this subject, to define the character of that possession.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered November 30, 1925, upon a trial and conviction of bootlegging. Affirmed.

*Edward M. Connelly,* for appellant.

*Chas. H. Leavy* and *A. O. Colburn,* for respondent.

BRIDGES, J.—Appellant first claims that the evidence was insufficient to justify the verdict of bootlegging. The argument is based on the assertion that the state not only did not offer any proof of intention to sell but that the testimony strongly tended to indicate exactly the contrary.

Four or five young people were spending an evening at a house outside, but in the neighborhood, of Spokane. While there, the appellant and a man by the name of Lexau came to the house in an auto, and entered. After being there a few minutes, the appellant stated that he had something that was good for a cold and went outside, probably to the auto in which he arrived, and

brought into the house with him a gallon jug of moon-shine whiskey. He offered a drink to all of the other persons in the house; some partook and others refused. He did not offer to sell any part of the liquor to any of his associates. About this time, the officers appeared on the scene, entered the house and arrested the appellant. They testified that, when they entered, appellant had the jug of whiskey in his possession, and that while they were there he did not offer to sell any of it and, so far as they could learn, he had not previously sold or offered to sell any to his associates. The officers then went to the auto in which the jury had a right to believe the appellant had come to the place, and there found and took into their possession an additional amount of moonshine. This was all the testimony there was on the matter of intent to sell. The appellant did not take the witness stand.

[1] Our statute which makes possession of intoxicating liquor *prima facie* evidence that it is held and kept for the purpose of unlawful sale or disposition (Rem. Comp. Stat.; § 7329 [P. C. § 3185]) greatly affects the situation. Under almost identical facts, we have, in a number of cases, held that the evidence was sufficient to carry the case to the jury on the question of intention to sell. In *State v. Jewett,* 120 Wash. 36, 207 Pac. 3, we said:

"It was for the jury to determine whether the testimony of the appellant was sufficient to overcome this statutory presumption. In determining this question, the jury had a right to take into consideration the circumstances under which the liquor was taken, the amount found in appellant's possession, and the fact that it was shown he also had other liquor at his home."

To the same effect are: *State v. Gleen,* 135 Wash. 153, 237 Pac. 292; *State v. Bachtold,* 106 Wash. 550, 180 Pac. 896; *State v. Conner,* 107 Wash. 571, 182 Pac. 602.

Under these authorities, the testimony was amply sufficient to authorize the court to submit to the jury the question whether the appellant was carrying the liquor about for the purpose of sale. The testimony was almost conclusive that he was guilty of the other feature constituting bootlegging, that is, carrying intoxicating liquor about with him.

What we have said covers the other contention that the court should have taken from the jury the charge of bootlegging, leaving only that of simple possession of intoxicating liquor.

[2] It is next claimed that the court erred in commenting upon the testimony. In order to make this point clear, we must recite some additional facts. In the absence of the jury, the state offered to prove by three or four witnesses that the appellant had previously rented and been in possession of a farm in the neighborhood of the place where he was arrested and that, at that farm, the constituted authorities, two or three days after the arrest, found a still and certain evidences that moonshine whiskey had recently been there manufactured. The state desired to introduce this testimony as tending to show, not that the appellant was manufacturing intoxicating liquors, but that he had large quantities of it, thus showing that his business was to sell such liquor. The court, after much controversy between the attorneys, expressed a willingness to receive this testimony, provided it should be connected up in certain designated ways. The state then called Mr. Bower, Mr. Harker and Mr. Lehman to testify concerning these things. After much of their testimony was in, the court instructed the jury to disregard all the testimony of those witnesses, "except the testimony of Joe Lehman to the effect that he saw Mr. Presta at the Bower place and that he was in a Star car." That wit-

ness had testified that he thought he had seen appellant come to the Bower place in a Star automobile. Under the circumstances, it cannot be held that the court commented on the testimony in violation of the constitutional provision. It is difficult to see how he could have told the jury what testimony they must not and what they had a right to consider without referring to it in the manner he did.

[3] In addition to this, the objection to what the court said is insufficient to raise this point, for the appellant did nothing more than except "to the portion of said testimony that was admitted." This was an objection to the court permitting a portion of Lehman's testimony to stand, and not that the court had commented upon the testimony.

[4] Again, while the witness Lehman was on the witness stand and the prosecuting attorney was trying to get him to testify whether he had seen appellant at the Bower farm and how he came there, the court, addressing the prosecuting attorney, said: "Are you surprised at the testimony of this witness?" Much complaint is made of this remark. It is our view that it is not subject to any reasonable objection. The witness had shown that he was very reluctant to testify and apparently because thereof the prosecuting attorney was asking him somewhat leading questions and objections were being made on that account. Plainly, it was for this reason that the court made the inquiry as to whether the prosecuting attorney was surprised. If he was, then the court might see fit to permit leading questions, otherwise not.

[5] While the prosecuting attorney was arguing to the jury after the close of all the testimony, he said to them the following:

"You were all present in court at the conclusion of the state's case when Mr. Connelly made a motion to

the court and asked the court to direct the jury to find
a verdict of not guilty. You were present and heard
the court overrule that motion. That simply means
that there was enough evidence, if you believe it, intro-
duced on behalf of the state to prove the charge.''

To this statement appellant's attorney objected, and
the record shows the following:

''The Court: Objection sustained. The jury will
disregard the statement. . . . There has been no
testimony introduced to dispute the statement of the
witness Lehman that he saw Albert Presta the Sunday
that he was arrested in a Star car.''

It is claimed that the court commented on the testi-
mony in this respect. Without doubt, if the court said
what it is claimed he said, it would be an unauthorized
comment. But it will be noticed that immediately fol-
lowing that portion where the court directed the jury to
disregard the statement that had just been made by the
prosecuting attorney, there are stars. Manifestly,
something occurred at that time which was not put in
the record. It is plain to us that the comment concern-
ing the testimony of Lehman was not made by the court,
but was made by the prosecuting attorney in his argu-
ment to the jury.

[6] It is further claimed that the appellant was
prejudiced by the testimony of the three witnesses con-
cerning the still which was found at the Bower place
and the appellant's possible connection with it. But
the court struck all of that testimony and told the jury
not to consider it. This was sufficient to cure any error.
Very often in the trial of a case the court receives testi-
mony over objection and then for one reason or another
strikes it and tells the jury not to consider it. If the
court cannot do this without committing reversible
error, then there would be no end to a lawsuit. We
must presume that the jury followed the admonitions

of the court and did not consider the objectionable testimony. *DeHoney v. Gjarde,* 134 Wash. 647, 236 Pac. 290. We cannot see that there was any prejudicial error in what the court did with reference to this testimony.

[7] It is next contended that the court erred in its instruction with reference to mere possession of intoxicating liquor being included within the charge of bootlegging and in refusing to give appellant's requested instruction with reference to that matter. The jury was told that there was included within the offense charged in the information the lesser offense of unlawfully having possession of intoxicating liquor other than alcohol; that, if they found beyond a reasonable doubt that the appellant unlawfully carried about with him intoxicating liquor for the purpose of unlawful sale, then they would find him guilty as charged in the information; but

". . . if, on the other hand, you fail to so find, but do find from the evidence beyond a reasonable doubt that the defendant"

on or about the time mentioned in the information

". . . unlawfully had in his possession intoxicating liquor and that such intoxicating liquor, if any, was moonshine whiskey, then you will find the defendant guilty of the crime of unlawfully having intoxicating liquor in his possession, and not of the crime of being a bootlegger, as charged in the information."

The appellant requested a long instruction concerning this included offense and the kind of possession that would be required to constitute it. His argument is that the

". . . only included offense possible under this statute is carrying about liquor without intent to sell it. . . . The only possession possible of inclusion in

the crime of bootlegging is that possession which is characterized by carrying about of some sort.''

Our statute makes mere possession a crime and, in our opinion, it is wholly immaterial as to the character of that possession, that is, as to whether the liquor is being carried about or not. We think the instruction given by the court was correct and that requested was wrong.

The appellant seems to have had a fair trial. The judgment is affirmed.

MACKINTOSH, C. J., TOLMAN, ASKREN, and MAIN, JJ., concur.