[No. 20605.   Department Two.   December 9, 1927.]

THE STATE OF WASHINGTON, *Respondent*, v. ARCHIE PECK et al., *Appellants*.[1]

[1] CRIMINAL LAW (183)—EVIDENCE—WEIGHT AND SUFFICIENCY—IDENTITY OF PERSONS. The identity of bootleggers who fled upon being intercepted in unloading liquor from a freight car to their automobile, is sufficiently established by the evidence of officers who captured them after a short continuous pursuit, although the officers could not testify that the persons carrying the liquors from the freight car were the same as . afterwards arrested; the question being for the jury.

[2] INTOXICATING LIQUORS (30, 50)—UNLAWFUL POSSESSION—BOOTLEGGING—EVIDENCE—SUFFICIENCY. A joint charge of bootlegging is sustained by evidence that some of the defendants accompanied a shipment of liquor across the state line in a freight car, and that others assisted in unloading it; principals and agents being alike guilty, and it is immaterial that only part of the liquor was whiskey as alleged in the information.

[3] SAME (30, 48)—BOOTLEGGING—PRESUMPTION FROM POSSESSION. The statute making possession *prima facie* evidence that the liquor was kept for the purpose of unlawful sale or disposition applies in a charge of bootlegging, and in the absence of evidence as to accused's purpose in carrying it about, warrants a conviction.

[4] SAME (30, 51)—BOOTLEGGING—INSTRUCTIONS. An instruction in a prosecution for bootlegging to meet a situation in which one person may have done the actual carrying while others aided or abetted, making all liable, is proper.            .

[5] CRIMINAL LAW (255)—TRIAL—INSTRUCTIONS COMMENTING ON FACTS. It is not unlawful comment for the judge to use the phrase, "as the jury may infer from the evidence" where the

[1]Reported in 261 Pac. 779.

context shows that the reference was to evidence in the abstract, and not to the particular evidence in the case.

[6] CRIMINAL LAW (55)—FORMER JEOPARDY—IDENTITY OF OFFENSES—DIFFERENT OFFENSES IN SAME ACT. The offense of unlawful transportation of liquor is not identical with or included in the offense of bootlegging, defined by the statute as "carrying about intoxicating liquor for the purposes of unlawful sale;" hence the two may be joined and convictions had upon both, without putting the accused twice in jeopardy for the same offense.

Appeal from a judgment of the superior court for Spokane county, Lindsley, J., entered January 15, 1927, upon a trial and conviction of bootlegging and unlawful transportation of intoxicating liquor. Affirmed.

*Robertson & Paine,* for appellants.

*Chas. W. Greenough* and *Frank Funkhouser,* for respondent.

*Adam Beeler, amicus curiae.*

FULLERTON, J.—The appellants, Peck, Peterson and Pavich, were convicted of a violation of the liquor laws. The information upon which the conviction was had (omitting the more formal parts) reads as follows:

"COUNT I.

"Comes now the prosecuting attorney in and for Spokane county, state of Washington, and charges the defendants, Archie Peck, Jack Peterson and Joe Pavich, with the crime of bootlegging, committed as follows:

"That the said defendants, Archie Peck, Jack Peterson and Joe Pavich, in Spokane county, state of Washington, on or about the 21st day of October, 1926, then and there being, did, then and there wilfully, unlawfully and feloniously carry about with them intoxicating liquor, to-wit, whiskey, for the purpose of the unlawful sale of the same.

"COUNT II.

"And the prosecuting attorney, as aforesaid, further charges the said defendants, Archie Peck, Jack Peter-

son and Joe Pavich, with the crime of transporting intoxicating liquor with intent to sell same, committed as follows:

"That the said defendants, Archie Peck, Jack Peterson and Joe Pavich, in Spokane county, state of Washington, on or about the 21st day of October, 1926, then and there being, did then and there wilfully, and unlawfully transport intoxicating liquor, to-wit, whiskey, with intent then and there to unlawfully sell, barter and exchange the same."

The appellants were severally found guilty on both counts of the information, and two of the defendants were sentenced upon both counts, the sentences to be cumulative and not concurrent.

The intoxicating liquor, which furnished the basis for the charge in the information, was shipped from some place in the state of Montana over the Great Northern railroad to a station called Dean in Spokane county, in this state. It was concealed for shipment in a coal car. The liquor was considerable in quantity. There were fifty-seven sacks of beer, each sack containing two dozen bottles, and fifty-two sacks of one dozen bottles each of various kinds of liquor, such as whiskey, gin, cognac, champagne, and perhaps other varieties. The defendants were arrested by the officers at Dean station, while they were unloading the liquor from the railroad car into automobiles.

[1] The first assignment of error is based upon the refusal of the trial court to instruct the jury to acquit the appellants upon the first count of the information. The officers testified that, when the appellants were intercepted, they attempted to escape, and were captured after some pursuit. They further testified that they were unable to tell from observation whether the persons carrying the liquor from the railroad car to the automobiles were the same persons whom they afterwards arrested, and that they did not know what the

sacks contained until they were examined after the arrest. It is argued that this is not sufficient proof of carrying about intoxicating liquors for the purposes of unlawful sale. Concerning the question of identity, the pursuit was not extended. The appellants were captured before they had proceeded far, and upon a continuous pursuit, and this, with the surrounding circumstances, leaves but little doubt that the persons captured were the persons carrying the liquors; at least, the evidence was sufficient in warranting the jury in so concluding.

[2] But the argument seems to be that, since the charge in the information is that the intoxicating liquor the appellants carried about was whiskey, and since all of the sacks of liquor carried about did not contain whiskey, and since the officers did not see all of the sacks carried from the railroad car to the automobiles, there is no evidence that the appellants were guilty of the offense charged in the information, namely, carrying about whiskey for the purposes of unlawful sale. The argument mistakes the rule. It is not necessary to show a carrying about upon the person to show a violation of the statute. Any form of transportation over which the person accused has charge or control, and which he accompanies or personally attends, whether the means be a private car or a public conveyance, is a violation of the statute. The authorities are all to the effect that a principal who procures an unlawful act to be done through the instrumentality of an agent is as much liable as he would be did he personally participate therein; and the rule is that a common carrier is an agent in this sense. *State v. Warburton,* 97 Wash. 242, 166 Pac. 615. So, in this instance, those of the appellants who accompanied the shipment were guilty of unlawfully carrying about with them intoxicating liquor from the time the ship-

ment reached the state line until it was taken from their possession by the police officer, and the others were guilty when they joined the first after the shipment reached its destination, and began carrying it from the railroad cars to the automobiles. The state, possibly unnecessarily, limited its proofs by charging that the intoxicating liquor carried about was whiskey, but, since its evidence tended to prove that, in the quantity of liquors so carried, there was whiskey, its proofs were sufficient to sustain the charge.

[3] It is said, however, that there is no proof that the appellants were carrying the liquors about for the purpose of unlawful sale. But the statute provides that proof of possession of intoxicating liquor is *prima facie* evidence that such liquor is kept for the purposes of unlawful sale or disposition, and the statute is applicable to the offense of carrying about,—the offense which the legislature has called bootlegging. *State v. Spillman,* 110 Wash. 662, 188 Pac. 915. The presumption, it is true, is not a presumption of law; it is a presumption of fact only, and may be rebutted by evidence contradictory of the fact; but it is in itself sufficient to support a conviction unless overcome by evidence to the contrary, and whether it has been so overcome, is usually a question for the jury. *State v. Bachtold,* 106 Wash. 550, 180 Pac. 896; *State v. Conner,* 107 Wash. 571, 182 Pac. 602; *State v. Jewett,* 120 Wash. 36, 207 Pac. 3; *State v. Gleen,* 135 Wash. 153, 237 Pac. 292; *State v. Presta,* 142 Wash. 539, 253 Pac. 811. In this instance, neither of the appellants testified as to the disposition they intended to make of the liquor, and the jury were entitled to give the presumption full force and effect.

[4] The appellants complain of certain of the instructions given by the court to the jury, and of its refusal to give certain others they requested to be

given. In the concluding part of the instruction in which the court stated the facts necessary to be found by the jury before they could find the appellants guilty on the first count of the information, this language was used:

"And in this connection you are instructed that the words 'carry about with them,' as used in the information in this case, means to transport in any manner from one place to another so long as the thing carried was near to, not far from and in the immediate neighborhood as to place of the person charged with the offense."

It is objected to this that it permits the jury to find the appellants guilty of carrying about with them intoxicating liquors, if the liquors were carried near to, not far from them, or in their immediate neighborhood as to place, even though the carrying about may have been done by a stranger to the appellants with whose acts they had no relation or connection. Reading the instruction as if it stood alone, it may bear this interpretation, but, when read in connection with the instructions on the same subject matter which precede and follow it, it is at once clear that such was not its meaning. Two persons may be guilty of the offense of carrying about with them intoxicating liquors for the purpose of unlawful sale, where the one does the actual carrying and the other aids and abets him by acting as a lookout, guard or fence, although the latter person may not be at any of the time in actual presence of the latter, and may do none of the actual carrying. It was to meet this phase of the situation that the court gave the instruction complained of, and, while it is possible that the idea could have been expressed in language that would leave no room for misconstruction, it is sufficiently clear as it stands. The real question, of course, is, were the jury misled by it, and,

reading the instructions as a whole, we cannot conceive that they were misled.

[5] Complaint is made of another instruction in which the court used the phrase, "as the jury may infer from the evidence before them." The objection is, that it is a comment on the evidence. But we cannot so conclude. The context of the instruction as a whole makes it clear that the court was referring to evidence in the abstract, not to the particular evidence in the case before the jury.

The assignments of error founded upon the refusal of the court to give the requested instructions which were refused, we shall not notice in detail. In the main, they were sufficiently covered by the instructions given, and in so far as they were not so covered, we think them founded upon a misconception of the governing principles of law.

[6] Finally, it is contended that the appellants cannot lawfully be convicted and sentenced upon both counts of the information. The argument is that the offense stated in the second count of the information is included in the first count, and to convict and punish them upon each of the counts is to put them twice in jeopardy for the same offense.

It is, undoubtedly, the rule that a conviction or acquittal of a greater offense is a bar to a subsequent prosecution for a lesser offense which is included in the greater, and it seems to be the consensus of the greater weight of authority that the rule operates conversely. But it is equally the rule that a single act may be a violation of two statutes, and the test is not whether the defendant has already been tried for the same act, but is whether he has been once put in jeopardy for the same offense. (*State v. Reiff*, 14 Wash. 664, 45 Pac. 318.) To sustain the plea, the offenses must be identical both in fact and in law.

(*State v. Reiff, supra; State v. Elliott,* 69 Wash. 62, 124 Pac. 212.)

"A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction on the other." (*State v. Reiff, supra.*)

For other cases supporting the principles announced, see *Morey v. Commonwealth,* 108 Mass. 433; *Nielsen, Petitioner,* 131 U. S. 176; *Gavieres v. United States,* 220 U. S. 338; *Morgan v. Devine,* 237 U. S. 632; *Albrecht v. United States,* 273 U. S. 1. See, also, Wharton's Criminal Law (11th ed.), § 393.

It remains to inquire whether the one offense is included in the other, and whether the evidence required to warrant a conviction upon one of them would warrant a conviction upon the other. In our opinion, both of these queries must be answered in the negative. That in the legislative mind there was a distinction between the crimes is made clear by the fact that the legislature made each a separate crime and provided a distinct and separate penalty for each. While this is not conclusive upon us, it eliminates one of the questions which we might otherwise have been compelled to consider, namely, what was the legislative intent. As we have pointed out, the crime of bootlegging consists in the carrying about of intoxicating liquors for the purposes of unlawful sale, either actually by the person accused or by personally aiding, abetting and assisting another who may do the actual carrying. To be guilty of the second of the offenses, these personal acts are unnecessary. The transportation may be done by another under his order or direction, and he may not be otherwise connected with the act of transportation. The same evidence, therefore, is not required to

support a conviction upon a charge of one of the offenses as is required to support a conviction upon the other, and they are thus separate offenses within the rule.

The judgment is affirmed.

MACKINTOSH, C. J., ASKREN, MAIN, and HOLCOMB, JJ., concur.