[No. 20955. Department Two. July 19, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. WALTER RONDEAU, *Appellant*.[1]

[1] INTOXICATING LIQUORS (30, 50)—BOOTLEGGING—EVIDENCE—SUFFI-
CIENCY. A conviction of bootlegging is sustained by evidence
showing accused's intent to sell liquor, secreted in or about his
automobile and constructively in his possession.

[2] SAME (30)—BOOTLEGGING—PRESUMPTION FROM POSSESSION. Where
there was evidence of intent to sell, the presumption of intent
from possession applies in a bootlegging case.

[3] CRIMINAL LAW (313) — INSTRUCTIONS — NECESSITY OF REQUEST.
Error can not be assigned upon failure to instruct that one
charged as a bootlegger might be found guilty of simple pos-
session, in the absence of any request therefor.

Appeal from a judgment of the superior court for
Okanogan county, Neal, J., entered June 17, 1927, upon
a trial and conviction of bootlegging. Affirmed.

*W. C. Gresham* and *H. N. Martin,* for appellant.

*H. A. Davis,* for respondent.

ASKREN, J.—Appellant, convicted of the crime of
bootlegging, has appealed. He urges that the evidence
was insufficient to sustain a conviction. The facts fol-
low: About midnight on April 2, 1927, the sheriff of
Okanogan county was investigating conditions at a
dance being held at Malott in that county. He over-
heard the appellant say to another, "Are you the man
that wanted the bottle?" The other asked appellant
if he had the bottle with him, whereupon appellant re-
plied, "No, but I can get it right away." The sheriff
immediately placed appellant under arrest and asked
him where his car was. Appellant professed not to
know where the car was parked, but after the sheriff

[1]Reported in 269 Pac. 3.

notified him that they would wait until all the other cars had gone, appellant decided to take him to the car which was parked away from the other cars and down by the river. During the walk to the car, appellant remonstrated with the sheriff for "picking on him," since there "were lots of others" there that were violating the law.

As they neared the car, appellant began talking in a loud voice, using the sheriff's name ostensibly so that another might be warned. There was a commotion at the car, the door opened and by the time they reached it a half-brother of appellant, crippled and unable to move fast, was found near the front of the car. In the car were found empty bottles, a fruit jar which smelled of moonshine whiskey and a gunny sack. Moonshine whiskey was spilled over the bottom of the car and on the running board. About one step from the front of the car, where the half-brother was standing, the sheriff located two bottles of moonshine whiskey in the sage brush. Appellant also had a number of corks in his pockets, together with about thirty-five dollars in money, which included twenty-six or twenty-seven silver dollars. Much of this evidence was disputed and some explained, but the facts just detailed were the ones which the jury had a right to find from the evidence, and they were amply sufficient to warrant the verdict which was returned by the jury.

[1] Appellant urges that the evidence did not show any "carrying about" sufficient to establish the crime of bootlegging. This question has been often before the court and we have repeatedly held that to "carry about," within the meaning of the statute directed against bootlegging, does not mean an actual physical possession. *State v. Gumm,* 141 Wash. 355, 251 Pac. 273; *State v. Peck,* 146 Wash. 101, 261 Pac. 779.

The jury were entitled to believe from the evidence

in this case that the appellant had constructive possession of the liquor and that he was engaged in selling when and as opportunity offered. *State v. Meyers,* 121 Wash. 579, 210 Pac. 4; *State v. Gleen,* 135 Wash. 153, 237 Pac. 292.

[2] Some complaint is made that the presumption of intent to sell provided for in the statute does not apply in a bootlegging case. While here there was evidence of intent to sell, we have already held that the presumption applies in cases of this character. *State v. Peck, supra; State v. Gleen, supra.*

[3] It is also assigned as error that the court erred in failing to instruct the jury that they might find appellant guilty of simple possession of liquor. The court did instruct that they might find appellant guilty of the crime of bootlegging or the included offense of possession with intent to sell. Assuming that such an instruction would have been proper, the failure to so instruct was not reversible error, for appellant requested no such instruction. *State v. Parsons,* 44 Wash. 299, 87 Pac. 349; *State v. Curtis,* 127 Wash. 273, 220 Pac. 769.

Judgment affirmed.

FULLERTON, C. J., MAIN, BEALS, and HOLCOMB, JJ., concur.