[No. 21281. Department Two. November 30, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK BOWEN, *Appellant*.[1]

[1]Reported in 272 Pac. 48.

*Joseph H. Smith,* for appellant.

*C. T. Roscoe* and *Charles R. Denney,* for respondent.

HOLCOMB, J.—Appellant was charged by informa-tion, upon two counts, with having committed in Snohomish county the crime of bootlegging and also the gross misdemeanor of transportation of liquor for sale.

Upon a trial on the information, and his plea of not guilty, the jury found him guilty only of the felony of bootlegging.

Four assignments of error are relied upon for reversal: (1) in not granting appellant's challenge to the sufficiency of the evidence; (2) in giving instruction No. 4; (3) in denying appellant's motion for judgment n. o. v.; and (4) in denying appellant's motion for a new trial.

The first count in the information alleged that appellant, on or about March 10, 1927, did wilfully, unlawfully and feloniously carry about with him intoxicating liquor, other than alcohol, to wit, beer, for the purpose of the unlawful sale of the same. The second count was that, on the same day and at the same place, appellant did wilfully and unlawfully transport a quantity of intoxicating liquor, other than alcohol, to wit, about two sacks containing about forty-eight quarts of beer, which intoxicating liquor was so transported by appellant with the purpose and with the intent of making and effecting the unlawful sale of the same.

While these two counts appear to be almost identical

138

as to the charge, they are under different statutes and constitute separate crimes: one for the felony of bootlegging, which is the carrying about of intoxicating liquor for the purpose of unlawful sale; and the other the transportation of intoxicating liquor for the purpose of making an unlawful sale thereof. Being separate offenses, the two may be joined and convictions had upon either or both. *State v. Peck,* 146 Wash. 101, 261 Pac. 779.

█ The court instructed the jury (No. 4), of which appellant complains, as follows:

"The defendant is charged with two separate crimes growing out of the same alleged facts. These crimes are set out in separate counts in the information. The first count charges the defendant with being a bootlegger, which is a felony. The second count charges the defendant with transporting intoxicating liquor with the intent to sell the same, which is a gross misdemeanor.

"You are instructed that the crime of bootlegging is defined by law as follows:

" 'Any person who carries about with him intoxicating liquor for the purpose of the unlawful sale of the same be, and hereby is, defined to be a bootlegger.'

"Therefore, if you shall find beyond a reasonable doubt that the defendant did in the county of Snohomish, state of Washington, on or about the 10th day of March, 1927, unlawfully carry about with him a quantity of beer for the purpose of the unlawful sale thereof, then you should find him guilty as charged in the first count in the information. If you shall find beyond a reasonable doubt that at said time and place, the defendant had in his possession a quantity of beer and that he transported the same from some point to Snohomish for the purpose of the unlawful sale thereof, you should find him guilty of transporting said beer with intent of making and effecting the unlawful sale thereof.

"In other words, for the purpose of this case, the distinction between the crime of bootlegging and trans-

porting intoxicating liquor for the unlawful sale thereof, may be defined as follows:

"If you believe beyond a reasonable doubt that the defendant had in his possession and carrying about with him a quantity of beer for the purpose of making an unlawful sale thereof to such person, or persons, as might desire to purchase it, then you should find defendant guilty as charged in the first count in the information. If, on the other hand, you find beyond a reasonable doubt, that defendant transported said beer from some point other than the town of Snohomish to the town of Snohomish, there to deliver and sell said beer to a particular person, or persons, then you should find him guilty as charged in the second count.

"If you shall find beyond a reasonable doubt that the defendant had in his possession at said time and place, a quantity of beer but you have a reasonable doubt as to whether or not he is guilty of bootlegging as herein defined, and shall also have a reasonable doubt as to whether or not he was transporting said beer for the unlawful sale thereof, then you should find him guilty of possession of intoxicating liquor. Unless you are satisfied beyond a reasonable doubt that defendant at said time and place had in his possession a quantity of beer, then you should find him not guilty."

Appellant argues that in the instruction the court, in one breath, in the same instruction, told the jury that the carrying about for the purpose of unlawful sale makes appellant guilty of the felony, and in the next breath they are told that if he carries it from one place in the county to another he is guilty of transporting; that the same beer is involved, the same time and place involved, and the same parties, so that the same reasoning applies to both counts, which renders the instruction ambiguous, to say the least.

We think the instruction was reasonably clear in defining the distinction between the crime of bootlegging and the misdemeanor of transporting intoxicating liq-

uor for the unlawful sale thereof. We also consider that it was very favorable to appellant.

Appellant defended upon the ground, and testified, that he, himself, was not the owner of the beer, but that he had been furnished the material by one Hippo and paid sixty dollars to make a quantity of beer, a part of which he was about to deliver to Hippo when intercepted and arrested. He also showed the officers the paraphernalia with which the beer was made at his home at Stevens lake, and they took possession of it. The sheriff's officers testified that he stated he was in the beer business in a small way, and although appellant denied this, his veracity and the veracity of the officers was for the jury to determine. So also was his testimony to the effect that he simply made the beer for Hippo and was delivering Hippo's beer, a matter for the jury to believe or disbelieve.

The law is well established in this state that, after the state has proven the carrying about of intoxicating liquor and the possession of the same, the presumption, supplied by the statute, that the possession is for the purpose of unlawful sale supplies the additional element of intent to sell. *State v. Jewett*, 120 Wash. 36, 207 Pac. 3; *State v. Christensen*, 122 Wash. 236, 210 Pac. 376; *State v. Duncan*, 124 Wash. 372, 214 Pac. 838; *State v. Gleen*, 135 Wash. 153, 237 Pac. 292; and *State v. Presta*, 142 Wash. 539, 253 Pac. 811.

Considering the circumstance that appellant was attempting to deliver a considerable quantity of beer at a late hour in the night and his admission that he possessed the paraphernalia with which to make it and disclosed it to the officers, the jury were not bound to believe his explanation of his manufacture and transportation of it, but were justified in inferring that he had made the beer and had possession of it for the

purpose of selling it to whoever might care to buy it, and not to any particular person. The evidence was therefore sufficient to go to the jury on the felony charge and to sustain a conviction on it.

The facts in this case are at least as strong as, or stronger than, the facts in the cases of *State v. Spillman,* 110 Wash. 662, 188 Pac. 915; and *State v. Wynn,* 125 Wash. 398, 216 Pac. 872.

For other similar cases see *State v. Meyers,* 121 Wash. 579, 210 Pac. 4; *State v. Litzenberger,* 140 Wash. 308, 248 Pac. 799; and *State v. Gumm,* 141 Wash. 355, 251 Pac. 273.

Since all the errors relied upon by appellant are hinged upon the claim of error in the instruction, and we find that untenable, we can find no reason for reversing the judgment. It is therefore affirmed.

FULLERTON, C. J., ASKREN, and BEALS, JJ., concur.

MAIN, J., concurs in the result.