[No. 21281. *En Banc.* September 18, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK BOWEN, *Appellant*.[1]

*Joseph H. Smith,* for appellant.

*C. T. Roscoe* and *Charles R. Denney,* for respondent.

## ON REHEARING.

PER CURIAM.—Upon a rehearing *En Banc* a majority of the court adheres to the result reached in the former decision in *State v. Bowen,* 150 Wash. 136, 272 Pac. 48.

The majority, however, conclude that that portion of the opinion reading:

"The law is well established in this state that, after the state has proven the carrying about of intoxicating liquor and the possession of the same, the presumption, supplied by the statute, that the possession is for the purpose of unlawful sale supplies the additional element of intent to sell [citing authorities],"

was not necessary to the result reached in the decision and is not in accord with the views of the majority. The authorities there, and later in the opinion cited, justify the result reached. The language above quoted is hereby eliminated from the decision.

As so modified, the opinion is, in other respects, sustained.

[1]Reported in 280 Pac. 490.

Holcomb, J. (dissenting)—Although there is no particular objection to the withdrawal of the part of the opinion specified by the majority in the foregoing memorandum, as unnecessary to the result reached, it is obvious that the object is to harmonize the decision with the recent decision in *State v. Hurlbert,* 153 Wash. 60, 279 Pac. 123.

From that purpose, I must again dissent, for the reason stated by me and the further reasons given by Judge Fullerton in his dissent in the same case.

In the main, the opinion in this case in 150 Wash. 136, 272 Pac. 48, conforms to our statutes (Rem. Comp. Stat. §§ 7328 and 7329) and to our decisions as cited and others. The part withdrawn would not be a complete statement of the law as a charge to a jury, since it does not contain both elements of intent under the statutes involved in such prosecutions—possession with intent to unlawfully sell, or possession with intent to otherwise unlawfully dispose of such liquor; but no court would be deceived thereby, and would always instruct in conformity with the statutes.

The presumption statute (§ 7329, *supra*) is plain, definite and comprehensive. It needs no implementing, or interpretation. It seems that it is being unduly restricted in application; the application of the decisions in *State v. Jewett,* 120 Wash. 36, 207 Pac. 3, and similar cases in bootlegging prosecutions by constant derogation, is being gradually obliterated; and the effect of the language in *State v. Hodges,* 121 Wash. 362, 209 Pac. 843, improperly extended. The result is that our decisions are hopelessly irreconcilable.

How trial courts are to instruct juries in trials of bootlegging and included charges, so as to meet the approval of this court, is most perplexing.

Fullerton, J., concurs with Holcomb, J.