[No. 22825. Department One. March 30, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE
GUY POWELL, *Appellant*.[1]

*Anderson & Richards* and *Earl W. Husted*, for appellant.

*Charles R. Denney*, for respondent.

HOLCOMB, J.—Appellant was convicted and sentenced in the lower court of the crime of bootlegging, a previous conviction of a violation of the prohibition

[1]Reported in 297 Pac. 160.

law being at the same time alleged of a conviction of a misdemeanor in the same court.

Although there is some conflict in the evidence, appellant having made a somewhat plausible explanation of his connection with the transaction, he was disbelieved, and the jury accepted the evidence on behalf of the state. That evidence, briefly stated, tended to show that, on the night of April 4, 1930, two prohibition agents became acquainted with two men named Donnelly and Johnson, and made arrangements with them to secure a delivery of whiskey from them.

Two deputy sheriffs hid in the back of the agents' car and, after meeting Donnelly and Johnson, the agents were told to follow Donnelly's Ford car, and after doing so for some time they stopped. Donnelly and Johnson left in their Ford car, and a short time later Johnson returned in their car, and after waiting for some time, appellant drove up in a Dodge car accompanied by Donnelly. Donnelly bargained with the agents in the presence of appellant about the price of the whiskey. Ten gallons of so-called Bourbon whiskey were finally agreed to be sold and ten gallons of moonshine whiskey at somewhat different prices. The twenty gallons of whiskey were found in the Donnelly car driven by appellant.

When the bargain had been consummated, the deputy sheriffs got out of the back of the agents' car, and appellant, together with Donnelly and Johnson were arrested. The twenty gallons of liquor were carried by appellant and Donnelly in appellant's car to the place where they were to be delivered.

All the complaints of appellant are presented without any citation of authority in support thereof.

The chief contention of appellant is that the evidence is insufficient to prove bootlegging, for the

reason that the connection of appellant with the liquor was limited to one delivery.

We have many times had before us for consideration the prohibition statute defining bootlegging. It forbids the carrying about of intoxicating liquor for the purpose of sale. It does not state that the carrying about must be from place to place, and for the purpose of making promiscuous sales, or that the intent to make sales promiscuously must be shown. In the instant case, the evidence is overwhelming that twenty gallons of whiskey were carried about; that an arrangement had been made to sell it to the Federal agents, which unquestionably proved an intent to sell that whiskey.

The latest expression by this court is in *State v. Ragan,* 157 Wash. 130, 288 Pac. 218, where we sustained a conviction of bootlegging where the evidence showed a delivery by the accused of a large quantity of liquor to an officer in pursuance of an agreement between them, and only one delivery was made.

Other cases where somewhat similar conditions are found are, *State v. Gleen,* 135 Wash. 153, 237 Pac. 292; *State v. Gumm,* 141 Wash. 355, 251 Pac. 273; *State v. Presta,* 142 Wash. 539, 253 Pac. 811; *State v. Peck,* 146 Wash. 101, 261 Pac. 779; *State v. Bowen,* 150 Wash. 136, 272 Pac. 48 (Id., 154 Wash. 23, 280 Pac. 490); *State v. Boyd,* 150 Wash. 326, 272 Pac. 964.

Appellant complains of the admission in evidence of testimony to the effect that the clothing of appellant smelled of mash at the time of his arrest. That was a circumstance to be considered by the jury for what it was deemed worth, in connecting appellant with the liquor in the car. It was not error to admit such testimony.

The next contention of appellant is that the attorney for appellant, who had also been his attorney

in a former prosecution for violation of the liquor law, was called to the witness stand by the state and asked to identify appellant as the person who had been convicted in the previous prosecution. Counsel for appellant objected to his testifying, on the ground that his information was privileged. The court overruled the objection and compelled the attorney to testify.

We do not consider the fact that the attorney knew that appellant was the person who had been convicted in the previous prosecution was privileged. As the trial court observed, it was merely a matter of seeing, and the knowledge that the attorney defended the same man in court. It was therefore not a privileged communication. With this we agree. Nevertheless, it is a practice not to be commended nor followed generally and indiscriminately by prosecutors, for there may be instances where it would very manifestly greatly prejudice the rights of a defendant on trial.

▮ Appellant complains of an instruction given as improper, because it mentions evidence of knowledge of negotiation for sale, if such there were, by another or others, as being a circumstance properly to be considered by the jury in determining the intent of appellant, if any, in carrying about the liquor. We consider the instruction proper. Such a circumstance is properly to be considered by the jury for the purpose of showing the connection and intent of appellant. The fact that it shows a connection with the sale of intoxicating liquor, does not make evidence of such knowledge of negotiation for sale inadmissible in proving the crime of bootlegging.

▮ Appellant complains of an instruction to the effect that the fact that the jury may deem some other or others not on trial at that time to be guilty of some crime in connection with the transaction involved,

would be no ground for the jury to acquit the accused on trial before them, if the jury should deem the evidence sufficient to establish the guilt of the accused; that the guilt or innocence of the accused alone is all that concerned the jury.

It is argued that this instruction limits the defense. While it is true that other persons were concerned in the carrying about of the liquor involved in the case, it was not error to instruct the jury that the fact that some others might be involved in the commission of the offense charged, would not, in itself, constitute a defense if the accused then on trial was actually proven guilty.

Errors are complained of and argued in the giving and refusing instructions, some of which instructions alleged to have been refused were in fact given, and others were refused because they were drawn under the theory of appellant that there must be a carrying about from place to place for promiscuous sale in order to constitute guilt of bootlegging.

Further discussion of the several errors would be unnecessary and uninformative. We find no error justifying reversal.

Affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MAIN, JJ., concur.