[No. 24284.   Department One.   March 17, 1933.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE SEGAR, *Appellant*.[1]

*W. E. Southard,* for appellant.

HOLCOMB, J.—Appellant was informed against by information on two counts of the crime of bootlegging. After a trial to the court and jury, he was found guilty on count one and not guilty on count two.

Count one alleged that, on April 8, 1932, appellant carried about with him intoxicating liquor, to-wit:

[1]Reported in 20 P. (2d) 19.

moonshine whiskey, for the purpose of unlawfully selling it. Count two charged that, at the same place, on April 9, 1932, he carried about, for the purpose of unlawfully selling, intoxicating liquor, to-wit: moonshine whiskey.

The state introduced but one witness, a Federal prohibition agent. Appellant was a clerk and attendant in a hotel at the health resort at Soap Lake. He had never been prosecuted or arrested before. Another attendant at the same hotel was one Green. On April 8, the prohibition agent, according to his testimony, appellant and Green left the hotel in which appellant was employed, had lunch in a restaurant near the hotel, and later went to a cafe. At the last place, the prohibition agent asked appellant if he could get him a bottle of whiskey. Appellant said he thought he could. He talked to one Pappas and one Bailey. Bailey, Pappas and the man who was with appellant and the prohibition agent went into the washroom of the cafe and returned in a few minutes. Pappas handed Bailey a pint bottle of whiskey and appellant handed it to the prohibition agent, who paid appellant $1.50 for it. It is true, as stated by appellant, that there is no evidence that appellant took the whiskey to the cafe, or any other evidence of his handling it except to hand it from Bailey to the prohibition agent.

In his defense, appellant denied that he committed the acts testified to by the prohibition agent, and the owners and the wife of one of the part owners of the hotel testified that appellant could not conduct a bootlegging business in or about the hotel without their knowing it, and they were very positive that he had never conducted any such business. Other witnesses testified to the same effect.

Appellant stoutly contends that the evidence is not sufficient to bring him within the definition of boot-

legging as prescribed in Rem. Rev. Stat., § 7328, to the effect that any person who carries about with him intoxicating liquor for the purpose of unlawful sale of the same is a bootlegger.

While the evidence for the state is not extensive, it was definite and positive. If the jury considered it credible, as it doubtless did, it was sufficient to carry conviction of the crime of bootlegging, since it was positive that appellant got the pint bottle of whiskey from somewhere or someone, delivered it to, and received the money for it from, the prohibition agent. Those circumstances proved carrying about the intoxicating liquor with intent to sell, and the sale conclusively proved intent, if the agent's testimony was believed by the jury.

Section 7328, *supra,* does not state that the carrying about must be from place to place and for the purpose of making promiscuous sales, or that the intent to make sales promiscuously must be shown. *State v. Powell,* 161 Wash. 514, 297 Pac. 160. See, also, *State v. Figlenski,* 169 Wash. 38, 13 P. (2d) 5, and cases cited.

Since the jury convicted appellant and the trial court refused to disturb the verdict by granting a new trial, the verdict and judgment must stand.

Appellant has also interposed a plea in bar in this court, urging that the conviction should be set aside by reason of Chap. 2, Laws of 1933, p. 23, § 2, which explicitly repealed § 7328, *supra,* but there is nothing in that law which shows an intention contrary to the provisions of Rem. Rev. Stat., § 2006. This section reads:

"No offense committed and no penalty or forfeiture incurred previous to the time when any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, unless a

contrary intention is expressly declared in the repealing act, and no prosecution for any offense, or for the recovery of any penalty or forfeiture, pending at the time any statutory provision shall be repealed, whether such repeal be express or implied, shall be affected by such repeal, but the same shall proceed in all respects, as if such provision had not been repealed, unless a contrary intention is expressly declared in the repealing act. Whenever any criminal or penal statute shall be amended or repealed, all offenses committed, or penalties or forfeitures incurred while it was in force shall be punished or enforced as if it were in force, notwithstanding such amendment or repeal, unless a contrary intention is expressly declared in the amendatory or repealing act, and every such amendatory or repealing statute shall be so construed as to save all criminal and penal proceedings, and proceedings to recover forfeitures, pending at the time of its enactment, unless a contrary intention is expressly declared therein.''

The terms of the above section are certain and unambiguous. Not only that, they are mandatory. The plea in bar to the judgment of conviction is unavailing because of the terms of § 2006, *supra.*

The judgment is affirmed.

BEALS, C. J., PARKER, MITCHELL, and MILLARD, JJ., concur.